**D. F. BROWN, Jr. and Irene
Walker Brown**

v.

**KNOXVILLE NEWS–SENTINEL et al.**

**Civ. A. No. 5660.**

United States District Court
E. D. Tennessee, N. D.

Aug. 10, 1966.

D. R. Brown, Jr., and Irene W. Brown, pro se.

William N. Groover, Cheek, Taylor & Groover, Frank B. Creekmore, Earl S. Ailor, Allen J. Ware, Jr., Wayne Parkey, Ayres, Parkey, Skaggs & Ware, M. W. Egerton, Jr., Egerton, McAfee, Armistead & Davis, John H. Doughty, Myron R. Ely, Ely & Ely, Walter B. Johnson, Claude Robertson, Knoxville, Tenn., William A. Bomar, Oak Ridge, Tenn., for defendants.

MEMORANDUM AND ORDER

ROBERT L. TAYLOR, Chief Judge.

Plaintiffs, unrepresented by counsel, have filed a complaint of 117 pages charging some thirty-eight named defendants, including the Knoxville News-Sentinel and its editor, Loye W. Miller, the Park National Bank, Knox County, the County Judge of Knox County, the County Solicitor, various county commissioners, six or eight lawyers, an insurance company, a broker and sundry individuals with conspiracy and trickery to harass plaintiffs in the ownership and development of certain lands known as the Brownvue Subdivision near the Karns Community in Knox County, Tennessee, and asking $3,000,000 damages.

The complaint is so prolix, loosely drawn and involved as to be unintelligible. Alleged transactions involving the land and various ones of the defendants started about 1952 and continued over a decade. The Court is unable to separate the various charges, it is unable to determine which individuals conspired together with respect to the water system,

6. Cf. Willner v. Committee on Character and Fitness, 373 U.S. 96, 103–104, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963).

which conspired together with reference to the road, the provision of a bond for paving the roads thereof, whether the newspaper conspired with anyone else, or with precision, when the various alleged acts occurred.

A motion has been filed which is joined in by all defendants, asking that the complaint be dismissed (1) as verbose, confused, scurrilous and redundant and in violation of Rule 8(a) and (e) of the Federal Rules of Civil Procedure; (2) for failure to show a conspiracy, (3) because the three-year statute of limitations has run; (4) for failure to state a cause of action; (5) because the pleadings contain loose and unsupported characterizations, accusations and allegations from which no conclusions of conspiracy or other cause of action can be drawn; (6) because the complaint is so confused and incoherent as not to comply with the rules of the court; and (7) because the complaint combines in one complaint an alleged cause of action against a number of unrelated groups of persons not shown to be acting in concert.

The Court is of the opinion that the motion is well taken. In Passic v. State, D.C., 98 F.Supp. 1015, Judge Koscinski in dismissing a petition for a writ of habeas corpus, after quoting from Rule 8(a) and (e) of the Federal Rules of Civil Procedure, observed:

> "The law does not require, nor does justice demand, that a judge must grope through two thousand pages of irrational, prolix and redundant pleadings, containing matters foreign to the issue involved in a proceeding for a writ of habeas corpus, in order to determine the grounds of petitioner's complaint."

Our Court of Appeals in Collier et al. v. First Michigan Cooperative Housing Association, et al., 6 Cir., 274 F.2d 467, 469, in affirming the dismissal of a cross-bill by the District Court, had this to say:

> "The cross-bill of complaint and its various amendments appear to be prolix and muddled. Separate claims of the several cross-plaintiffs against the several defendants were jumbled in the single cross-bill. It was difficult for the District Judge to ascertain just what appellants' claims were * * *

> "In our judgment, the type of pleading resorted to here did not conform to Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading 'shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *.' "

The Court is of the opinion that the complaint in this case does not conform to the standards for pleadings set forth in Rule 8, F.R.C.P. and that the complaint must be dismissed pursuant to the holding of the Court of Appeals in the Collier case, supra. See also Agnew v. Moody, et al., 330 F.2d 868 (C.A.9); Corcoran v. Yorty, 347 F.2d 222 (C.A.9); Moore's Federal Practice, Vol. 2, ¶ 8:13.

It is, therefore, ordered that the motion to dismiss be, and same hereby is, granted.