**Madeline DeFINA, Plaintiff,**

v.

**George W. LATIMER et al., Defendants.**

**No. 77–C–650.**

United States District Court,
E. D. New York.

Aug. 22, 1977.

On Dismissal of Amended Complaint
Dec. 7, 1977.

---

**6**

Madeline DeFina, pro se.

Rogers & Wells, New York City, for defendant Joan Bienieck; Peter M. Dugre, New York City, of counsel.

Schneider, Harris & Harris, Cedarhurst, N. Y., for defendant Allan Fisher; Robert H. Harris, Cedarhurst, N. Y., of counsel.

David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for defendants George W. Latimer, Kent Shearer, Eurilia V. Bartels and Clarence Kelley; Lee Adlerstein, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Memorandum of Decision and Order

MISHLER, Chief Judge.

Defendants Latimer, Shearer, Bartel, Kelley and Bienieck move to dismiss the complaint pursuant to Rule 12(b)(6) F.R. Civ.P., on the ground that it fails to state a claim upon which relief may be granted.[1]

The complaint, which purports to state five claims in 111 paragraphs and 34 pages, charges ten defendants with entering into a conspiracy "of psychological methods, false swearing, false accusations and other unconstitutional and illegal methods . ." (par. 16). Plaintiff, a lawyer admitted to practice in the State of New York, alleges that the conspiratorial objective was to disbar plaintiff from practice before the United States Court of Military Appeals, and that this end was accomplished on February 17, 1960. The claims contain quotations of letters, purported conversations between plaintiff and others (including one or more of the defendants and unidentified individuals) and alleged rumors disparaging plaintiff and injuring her professional reputation. The allegations are a mixture of generalizations, conclusions and opinions.

■ Rule 8(a) F.R.Civ.P. requires that the complaint be "a short and plain statement showing that the pleader is entitled to relief . . . ." Subdivision (e) of the same rule demands that "[e]ach averment of a pleading shall be simple, concise and direct." The rule is the keystone of the federal pleading system and is designed to reveal sham claims and defenses and to sharpen the issues to be tried, all with a view towards a fair and speedy disposition of the case. Rule 8's operability is best understood when viewed in conjunction with Rule 12, F.R.Civ.P. "For example, the form and sufficiency of a statement of a claim under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), [or] by a motion for a more definite statement, Rule 12(e) . . ." 5

---

1. Defendant Bienieck also grounds her motion on a lack of personal jurisdiction (Rule 12(b)(2)) and in addition seeks judgment on the

pleadings claiming the action is time barred (Rule 12(c)).

Wright and Miller, *Federal Practice and Procedure*, § 1202, at 66–67.

 A complaint drawn by a lawyer is properly held to a higher standard than one drafted by a layman. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Shaw v. Briscoe*, 541 F.2d 489, 490 (5th Cir. 1976); *Merckens v. F. I. Du Pont, Glore Forgan & Co.*, 514 F.2d 20 (2d Cir. 1975). Plaintiff, proceeding pro se, is an attorney, and the court has a right to expect skillfully drawn pleadings from her. The instant complaint, which places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be, and which imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors, violates the rule, *Choate v. U. S.*, 413 F.Supp. 475, 478 (N.D.Okla.1976), and is subject to dismissal. *Boruski v. Stewart*, 381 F.Supp. 529, 533 (S.D.N.Y.1974); *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y.1972).

The complaint is dismissed [2] without prejudice upon condition that plaintiff serve and file an amended complaint in conformance with Rule 8 within thirty (30) days from the date hereof. Upon failure to comply with the condition, dismissal shall be deemed with prejudice.

### ON DISMISSAL OF AMENDED COMPLAINT

Plaintiff files this amended complaint after dismissal by this court of her original complaint in a memorandum of decision and order dated August 22, 1977. The instant complaint retains the same defects in pleading and violations of Rule 8(a) of the Fed.R. Civ.P. that are discussed in our prior decision.

For the reasons there stated, the complaint is dismissed with prejudice, and it is

[2] Plaintiff's motions: (1) to amend the caption, and (2) to vacate this court's previous order extending time to answer, are denied as moot. Plaintiff's additional motion for an order "voiding the United States Marshal's service of Clarence Kelley and directing he be served individ-

SO ORDERED.

The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing the complaint.

ually" is also denied. Pursuant to the terms of this memorandum, an entirely new complaint will have to be filed and served. Lastly, Miss DeFina's motion to strike certain assertions made by defendant Bienieck as scandalous is denied.