**Aaron HOLSEY**

v.

**George H. COLLINS et al.**

**Civ. No. W-78-861.**

United States District Court,
D. Maryland.

April 27, 1981.

Aaron Holsey, pro se.

Stephen H. Sachs, Atty. Gen., Paul T. Cuzmanes, Asst. Atty. Gen., Baltimore, Md., for defendants.

WATKINS, Senior District Judge.

This 42 U.S.C. § 1983 claim was filed by Aaron Holsey, who was, at the time of the filing, an inmate of the Maryland Penitentiary.[1] The Court has reviewed the entire file. It is voluminous, containing a complaint, proposed amendments, supplements, affidavits, and exhibits,[2] and it is manageable only with an uneconomical expenditure of resources. In short:

> The instant complaint ... [which] places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be, and which imposes a similar burden on the court to sort out the facts now hidden in a mass of

1. The Court notes that Holsey's answer to question IB of Paper No. 1, "Form to be Used by a Prisoner in Filing a Complaint under the Civil Rights Act, 42 U.S.C. Sec. 1983," is less than full and complete. Use of the form is mandated by Local Rule 37A. Question IA asks if the plaintiff has "begun other lawsuits ... otherwise relating to your imprisonment." Holsey replied affirmatively. Question IB directs that the plaintiff list these suits. Holsey listed *Holsey v. Baylor* and *Holsey v. Chestnut*; however, he did not list *Holsey v. D'Alesandro*, Civil No. W–77–2157, for example. Holsey is cautioned that his representations made to this Court, "under penalty of perjury," must be true and complete. If Holsey chooses to seek leave to amend in accordance with the instructions in this Memorandum Opinion and Order, see discussion *infra*, he must rectify this omission by listing all state and federal lawsuits which he has filed that relate in any way to his imprisonment. Local Rule 37A.

2. In this case, there is no single document in which plaintiff states his claim. Instead, plaintiff has submitted documents *seriatum*, interspersing allegations throughout a series of pleadings, statements, supplements, and exhib-

its. Pursuant to the rule of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4 Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), this Court cannot ignore a claim merely because the pro se litigant has placed an erroneous caption on the document. Where plaintiff has attached exhibits to pleadings, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." F.R.Civ.P. 10(c).

Plaintiff could have had only one legitimate purpose for submitting the aforementioned documents to the Court. He must have been of the opinion that they state a claim which entitles him to relief. Accordingly, the Court will construe the cumulative series of papers as the pleadings which constitute plaintiff's claim.

If, however, plaintiff did not intend to state a claim when he filed these papers with the Court, he has improperly submitted a large volume of irrelevant material. Neither the Court nor the defendants have a duty to expend their resources by sorting through irrelevant submissions.

charges, arguments, generalizations and rumors, violates the rule [F.R.Civ.P. 8] . . ., and is subject to dismissal.

*DeFina v. Latimer,* 79 F.R.D. 5, 7 (E.D.N.Y. 1977) (citations omitted) (complaint drafted by attorney).

The Court has, however, ascertained several potentially cognizable claims.[3] Holsey, in Paper Nos. 28, 36, and 41, alleges a denial of notarial services. Although Holsey has been in no way prejudiced in this Court by this alleged denial, if Holsey is indigent, a claim is stated. "It is indisputable that indigent inmates must be provided at state expense . . . with notarial services . . . ." *Bounds v. Smith,* 430 U.S. 817, 824, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Holsey alleges that a forcible, discriminatory strip search was conducted by defendant Lee on April 13, 1978. Paper No. 21. Abusive strip searches "cannot be condoned." *Bell v. Wolfish,* 441 U.S. 520, 558–60, 99 S.Ct. 1861, 1884–85, 60 L.Ed.2d 447 (1979) (test of reasonableness).[4] In Paper Nos. 54, 55, and 56, Holsey makes allegations of denial of toothbrushes and clean clothes for one to two weeks at a time. This may state a claim. *See, e. g., Clay v. Miller,* 626 F.2d 345 (4 Cir. 1980) (*per curiam*). Holsey alleges that defendants Thompson and Millender roughed him up while he was in the Baltimore City Courthouse in 1975. Paper Nos. 1, 21. The use of excessive force may give rise to a § 1983 claim. *King v. Blankenship,* 636 F.2d 70 (4 Cir. 1980). He alleges that defendants Thompson and Collins ignored his medical problems. Paper No. 28. This may state an *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), claim. In Exhibit Y to Paper No. 42, Holsey alleges denial of access to a law library, which may be a cognizable claim. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Although ¶ 27 of Paper No. 37 indicates that Collins was not a participant in the wrongs alleged, Holsey alleges that Collins permitted systematic brutality to occur. *E. g.,* Paper No. 39. All of these allegations raise potentially cognizable claims.

Holsey has, however, obscured his cognizable claims by the employment of a "shotgun pleading" technique. First, he has alleged, numerous times, wrongs committed by inmate Hamm at the direction of Warden Hawkins. *E. g.,* Paper No. 46; Exhibits I(D, E, F) to Paper No. 50. These incidents are the subject of a separate suit, *Holsey v. Hawkins,* Civil No. W–79–847.[5] Second, Holsey has also obscured his potentially cognizable claims by inconsistently pleading that he received no food from June 6th until June 10th, while also pleading that he received breakfast, and possibly lunch, from

---

3. This listing is not intended to be exhaustive.

4. In *Bell,* the Court approved body cavity searches where "this humiliating spectacle [was] frequently conducted in the presence of other inmates." 441 U.S. at 577, 99 S.Ct. at 1894 (Marshall, J., dissenting opinion). This is similar to Holsey's claim.

5. Holsey has numerous claims pending before this Court and the United States Court of Appeals for the Fourth Circuit. Also, since 1974, he has filed at least seventeen petitions before the United States Supreme Court. *Holsey v. Watkins, R. Dorsey, Judge,* —— U.S. ——, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981); *Holsey v. Inmate Grievance Commission,* 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980); *Holsey v. Watkins, R. Dorsey, Judge,* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980); *Holsey v. Inmate Grievance Commission,* 442 U.S. 912, 99 S.Ct. 2828, 61 L.Ed.2d 278 (1979); *Holsey v. Mandel,* 441 U.S. 925, 99 S.Ct. 2037, 60 L.Ed.2d 399 (1979); *Holsey v. Collins, Warden,* 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 664 (1978); *Holsey v. Warden, Maryland Penitentiary,* 435 U.S. 1010, 98 S.Ct. 1883, 56 L.Ed.2d 392 (1978); *Holsey v. Greif, et al.,* 434 U.S. 1089, 98 S.Ct. 1288, 55 L.Ed.2d 796 (1978); *Holsey v. Greif, et al.,* 431 U.S. 1038, 98 S.Ct. 777, 54 L.Ed.2d 787 (1978); *Holsey v. Haynsworth, U.S. Circuit Judge,* 434 U.S. 937, 98 S.Ct. 440, 54 L.Ed.2d 305 (1977); *Holsey v. Maryland Court of Appeals,* 434 U.S. 942, 98 S.Ct. 437, 54 L.Ed.2d 303 (1977); *Holsey v. Maryland Inmate Grievance Commission,* 434 U.S. 869, 98 S.Ct. 209, 54 L.Ed.2d 146 (1977); *Holsey v. Watkins, U. S. District Judge, et al.,* 429 U.S. 919, 97 S.Ct. 312, 50 L.Ed.2d 285 (1976); *Holsey v. Murray, U. S. District Judge,* 425 U.S. 976, 96 S.Ct. 2178, 48 L.Ed.2d 800 (1976); *Holsey v. Criminal Court of Baltimore et al.,* 423 U.S. 891, 96 S.Ct. 188, 46 L.Ed.2d 122 (1975); *Holsey v. Inmate Grievance Commission,* 423 U.S. 871, 96 S.Ct. 138, 42 L.Ed.2d 102 (1975); *Holsey v. Maryland,* 419 U.S. 1036, 95 S.Ct. 520, 42 L.Ed.2d 311 (1974).

June 4th until June 14th. Paper No. 58.[6] Furthermore, he has not implicated the defendants in the alleged wrongs. Thus, a possibly cognizable claim of a diet inadequate to maintain health, *see, e. g., Campbell v. Cauthron*, 623 F.2d 503, 508 (8 Cir. 1980), has been obscured. Third, in Paper No. 52, Holsey alleges new incidents perpetrated by non-parties. This is in direct contravention to instructions given Holsey by this Court in a letter dated May 25, 1978.[7]

F.R.Civ.P. 8(a) provides: "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim . . . ." Each averment shall be "simple, concise, and direct." F.R.Civ.P. 8(e). Plaintiff's claim violates Rule 8. In *Arey v. Harris*, No. 74–2360[8] (4 Cir. June 17, 1975) (unpublished) (*per curiam*), the appellant had swamped both the United States District Court for the District of Maryland and the United States Court of Appeals for the Fourth Circuit with numerous suits, and voluminous pleadings. The Fourth Circuit wrote:

> Arey has deluged this court with literally hundreds of pages of pleadings concerning his appeals. They have ranged in subject matter from serious assertions concerning mail tampering and denial of access to legal research materials to such petty complaints as the prison commissary's failure to honor a candy manufac-

turer's discount coupons. The common shortcomings of Arey's letters, however, is that despite admonitions to the contrary from the district court and this court's legal staff, Arey has persisted in continually supplementing his complaints by adding new and different claims, with absolutely no regard concerning the status of his cases . . . .

> We do not intend to make light of or in any way belittle Arey's attempts to seek a redress of grievances. But Arey must realize that federal courts are not ombudsmen to whom state prisoners may turn when they disagree with the normal operations of penal institutions. 42 U.S.C. § 1983 provides a forum solely for the litigation of claims of constitutional magnitude. And, as the district court has noted, even prisoners proceeding pro se must adhere to the rudimentary dictates of civil procedure. As stated in Rule 8 of the Federal Rules of Civil Procedure, a pleading shall contain "a short and plain statement of the claim;" "[each] averment of a pleading shall be simple, concise, and direct." Rule 8(a); 8(e)(1). Neither the district court nor this court is required to wade through the excessive verbiage which has been thus far characteristic of Arey's submissions.

This unpublished analysis[9] comports with the position taken in both the reported authorities and the treatises. "The requirements of a short and plain statement of

---

**6.** On June 1st, 2nd and 3rd Holsey was denied supper on each of those days. And on June 4th officers stoped [sic] feeding him alltogether [sic]. And the food cart passed by his cell at each meal . . . .

From June 6th til June 10th . . . Holsey received no food rations at all . . . . [Holsey] was told by Officer McLean that Captain Carpender [sic] and Lieutenant Libertini issues orders that officers were no longer to feed him. And that if he refused to accept food from the inmates who assaulted him that it was to be entered into the log book that he refused his rations.

. . . .

From June 4th to June 14th Holsey received food at breakfast and lunch time on June 19th, and on June 14th he was given breakfast and supper only.

Paper No. 58. The persons named are not parties, and the allegations are self-contradicto-

ry and ambiguous. These allegations and those in *Holsey v. Hawkins*, Civil No. W–79–847, appear to be identical. Holsey's complaints in Paper No. 28 also seem to be identical to allegations filed in *Holsey v. Hawkins*.

**7.** This Court wrote:

Anything you file in a single case may not raise new, unrelated factual allegations . . . . [D]o not attempt to litigate new or different grievances in these actions . . . .

**8.** Cases 74–2360, 74–2361, 74–2362, 74–8164, 75–8002, 75–1252, 75–1264, and 75–1383 were consolidated on appeal.

**9.** It is unclear whether the quoted portion is an alternative holding or *dicta*. Unpublished opinions are not binding precedents; however, this Court is persuaded by the reasoning in *Arey*.

claim and simple, concise, and direct averments have been held to be violated by needlessly long, repetitious, or confused complaints." 5 Wright and Miller, *Federal Practice and Procedure* Civil § 1217 (1969), 128, *citing inter alia, Barnhart v. Western Maryland Ry. Co.*, 41 F.Supp. 898 (D.Md. 1941), *aff'd on other grounds*, 128 F.2d 709 (4 Cir.), *cert. denied*, 317 U.S. 671, 63 S.Ct. 75, 87 L.Ed. 538 (1942); *see also Green v. Camper*, 477 F.Supp. 758, 769 (W.D.Mo. 1979). In a particularly pertinent passage, the Court in *Barnhart* wrote:

> The origin and history of the plaintiffs' grievances are recited in the lengthy complaint of 17 pages, which in that respect does not seem to be in compliance with the requirement of rule 8(a) ... which provides that the pleading shall contain ... a short and plain statement of the claim....

41 F.Supp. at 899 (plaintiffs represented by counsel). This is much like the papers and pleadings filed in the instant case which constitute a recitation of the origin and history of plaintiff's grievances.

*Boruski v. Stewart*, 381 F.Supp. 529 (S.D. N.Y.), *aff'd on other grounds*, 493 F.2d 301 (2 Cir. 1974) (*per curiam*), *appeal dismissed and cert. denied*, 419 U.S. 808, 95 S.Ct. 20, 42 L.Ed.2d 34 (1974), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2419, 44 L.Ed.2d 681 (1975), is also particularly relevant. In *Boruski*, the defendant moved to dismiss a *pro se* complaint for several reasons, including the "prolixity of the complaint." *Id.* at 530. "The plaintiff and his complaints are no strangers to this Court." *Id.* at 531. The court wrote:

> Rule 8(e)(1), Fed.R.Civ.P. requires a "simple, concise, and direct" pleading. A prolix, confusing, redundant, protracted pleading such as the 125 page document herein is subject to dismissal under this Rule on that ground alone. *Prezzi v.*

*Berzak*, 57 F.R.D. 149 (S.D.N.Y.1972); *Burton v. Peartree*, 326 F.Supp. 755, 759 (E.D.Pa.1971). Even an understanding tolerance for *pro se* complaints, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), cannot save the present amended complaint from being stamped as flagrantly in violation of the Rule.

*Id.* at 533.[10] The Rule 8 holding was apparently an alternative holding used to *dismiss* the complaint.

In *Green v. Camper*, 477 F.Supp. 758 (W.D.Mo.1979), the district court was faced with a prisoner whose activity was far more egregious than Holsey's. The list of complaints filed by Green fills more than eight pages in the official reports. *Id.* at 759–68. *Quoting Green v. Wyrick*, 428 F.Supp. 732, 736 (W.D.Mo.1976), the Court wrote:

> First, despite the experience of having filed "hundreds" of lawsuits, petitioner consistently and deliberately has failed to follow the proper procedures and rules for filing actions in this Court. Contrary to local rules requiring inmates to submit petitions on court-approved and court-provided forms, and Rule 8(a), Federal Rules of Civil Procedure, requiring a short and plain statement of the claim, the petitioner continues to submit voluminous pro se pleadings containing conclusory statements and long-winded recitations of irrelevant facts and allegations ....

*Id.* at 769. The Court continued: "His pleadings continue to be of such nature as to make it unreasonably difficult, if not impossible, to process his case in an orderly fashion." *Id.* Noting Green's "long history of engaging in such tactics after repeated warnings by the Court," the Court stated that this activity evidenced a malicious motive. *Id.*[11]

---

**10.** As to Holsey's repetitive claims, the Court directs the parties' attention to *Boruski*, 381 F.Supp. at 535; *Pavilonis v. King*, 626 F.2d 1075 (1 Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *see also Graham v. Riddle*, 554 F.2d 133 (4 Cir. 1977).

**11.** It will be noted that, at this point, the Court in *Green* shifted its analysis from F.R.Civ.P. 8(a) to considerations of malice and frivolity. At this time, this Court need only follow *Green* insofar as it discusses F.R.Civ.P. 8(a). The Court advises Holsey of potential problems, in accordance with the Court's duty under *Gordon*

[U]nless the Courts of this nation are to be deemed to be powerless to stop such a flagrant abuse of the judicial process, one man will be able to preempt so much judicial time at the trial and appellate levels as to thwart the very ability of the judicial system to carry out its necessary judicial function of properly processing its criminal and civil docket of cases filed by other litigants who may have meritorious matters.

*Id.* at 771. The Court, in *dicta*, noted that civil and criminal contempt for obstruction of justice may be available, 18 U.S.C. § 1503, where warranted. *Id.* at 772.

In *Friedman v. Younger*, 46 F.R.D. 444 (C.D.Cal.1969), the court considered a pro se petition on a motion to dismiss. "Where a complaint alleging a violation of civil rights is ... verbose, confused and redundant, the defendants are entitled to a dismissal." *Id.* at 447; *accord, Corcoran v. Yorty*, 347 F.2d 222 (9 Cir. 1965) (*per curiam*), *cert. denied*, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965); *Maddox v. Shroyer*, 302 F.2d 903 (D.C.Cir.), *cert. denied*, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962); *McCann v. Clark*, 191 F.2d 476 (D.C.Cir.), *cert. denied*, 342 U.S. 872, 72 S.Ct. 112, 96 L.Ed. 656 (1951); *United States ex rel. Dattola v. National Treasury Employees Union*, 86 F.R.D. 496 (W.D.Pa.1980); *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499 (D.D.C. 1977); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283 (E.D.Tenn.1966); *Shakespeare v. Wilson*, 40 F.R.D. 500 (S.D.Cal. 1966) (*sua sponte*).

The corollary of the rule that a claim must be stated in a short and plain manner is the principle that it is improper to plead one's evidence. *Barnes v. A. Sind and Associates*, 32 F.R.D. 39, 40 (D.Md.1963) (improper, but not fatal), *vacated on other grounds*, 341 F.2d 676 (4 Cir.), *cert. denied*, 382 U.S. 891, 86 S.Ct. 183, 15 L.Ed.2d 149 (1965); *Morgenstern v. Cohon*, 2 N.Y.2d 302, 160 N.Y.S.2d 633, 141 N.E.2d 314, 316 (1957) (interpreting state rule of procedure which requires a "plain and concise statement, without repetition, of the material facts ....."). In a recent antitrust opinion, the Fifth Circuit wrote:

Although unnecessary evidentiary details are usually not stricken from the complaint unless prejudicial or of no consequence to the controversy [citations omitted], evidence pleading, as distinguished from the pleading of ultimate facts, is not favored under the Federal Rules. [Citation omitted.] Many courts have properly stricken unnecessary evidentiary details from pleadings. [Citations omitted.] The district court's action will not be disturbed unless it was an abuse of discretion.

*In Re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1168–69 (5 Cir. 1979), *cert. denied*, —— U.S. ——, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980).

■ On numerous occasions, this Court has advised Holsey that his pleadings were too lengthy, repetitive, and improper.[12]

Plaintiff, Aaron Holsey is a disgruntled prisoner in the Maryland State Penitentiary. For almost two years, he has vigorously protested both the fact and the conditions of his incarceration by swamping this Court with hundreds of pages of *pro se* complaints, petitions and motions. *Holsey v. Mandel*, Civil No. W–76–1588 (D.Md., filed March 10, 1977).[13] In *Holsey*

---

v. Leeke, 579 F.2d 1147 (4 Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

**12.** It is proper for this Court to take judicial notice of previous Court records in the present action. E. Cleary, et al., *McCormick on Evidence* (2d ed. 1972), § 330 at 766; F.R.Ev. 201; *see Daye v. Bounds*, 509 F.2d 66, 68 (4 Cir.), *cert. denied*, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975). In *Daye*, the Fourth Circuit held that a Court could consider such records, but that the records alone were insuffi-

cient for a dismissal pursuant to 28 U.S.C. § 1915(d).

**13.** The Court now adds that this activity includes original, amended, and supplemental pleadings, as well as improper *ex parte* communications. Holsey's activity has been parallel to, but not as egregious as, that in *Green v. Camper*, 477 F.Supp. 758 (W.D.Mo.1979). In *Green*, the district court noted: "Petitioner is of the apparent mind that by flooding the Court with litigation and rendering it unable to administer its docket because of the sheer volume

*v. Collins,* Civil No. W–78–244 (D.Md., filed February 13, 1976), this Court wrote that Holsey's pleading "was . . . accompanied by a massive amount of hand printed material which raised issues totally unrelated to the validity of the judicial process which resulted in Holsey's conviction . . . ." The Court also observed "that Holsey is quite capable of succinct and comprehensible communication." *Id.* In *Holsey v. Warden,* Civil No. W–76–1326 (D.Md., filed August 31, 1976), this Court wrote:

> Holsey's claims, and the facts relevant thereto, are dispersed through a number of separate documents and interspersed through literally hundreds of pages of extraneous, irrelevant and repetitive material. While Holsey is entitled to have each of his numerous complaints fully and fairly considered, it is neither unfair nor unreasonable to require him to put those claims in an intelligible, coherent and manageable form . . . . [Holsey is] quite capable of complying with this demand . . . .

In *Holsey v. Collins,* Civil No. W–78–416 (D.Md., filed March 10, 1978), the Court received a complaint containing "literally hundreds of minor incidents . . . ." The Court wrote:

> If the Petitioner would simply . . . delete his lengthy and irrelevant additions to his petitions, the time required for their adjudication might be considerably shortened . . . . They are full of voluminous hand printed appendices, which contain thousands of irrelevant diary-like entries, amounting to almost a daily account of the many petty indignities which attend the unpleasant experience of incarceration.

*Id.* In prior opinions, this Court has "explained as clearly and as specifically as pos-

sible what were the problems with Holsey's petition and what steps he could take to remedy those problems." *Holsey v. Collins,* Civil No. W–78–244 (D.Md., filed February 13, 1978). The Court remarked that "Holsey seems to be extremely articulate and fully able to understand the orders and directives of this Court." *Id.* "Holsey is quite capable of succinct and comprehensible communication." *Id.*

To summarize: "[E]ven *pro se* litigants such as Holsey must meet certain minimal standards of pleading." *Holsey v. Warden,* Civil No. W–76–1326. "Even prisoners proceeding pro se must adhere to the rudimentary dictates of civil procedure." *Arey v. Harris,* No. 74–2360 (4 Cir. June 17, 1975).

The Court is of the opinion that it would be appropriate to dismiss Holsey's complaint. *See Inmates v. Owens,* 561 F.2d 560, 562–63 (4 Cir. 1977) (dismissing a pro se complaint for improper pleading) (*dicta*). He has violated the directives given him by this Court in the letter dated May 25, 1978, as well as in numerous opinions, and he has failed to adhere to the procedural rudiments. Recognizing, however, that Holsey is acting pro se, that he has stated potentially cognizable claims, and that dismissal without prejudice might bar future suits due to the operation of the statute of limitations,[14] the Court will allow Holsey 20 days in which to file a motion seeking leave to amend and a proposed amended complaint. *Cf. Bolding v. Holshouser,* 575 F.2d 461, 465 (4 Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978).

The Court emphasizes that Holsey has stated potentially cognizable claims and encourages him to file and serve a proposed amended complaint[15] containing a short

---

of such frivolous and malicious filings he will cause the Court to order his release from custody." *Id.* at 759. As in *Green,* Holsey is flooding this Court with his filings.

**14.** The Court also recognizes that much of the excessive verbiage is contained in exhibits which accompany the pleadings, and not in the pleadings themselves. Holsey may have been ignorant of F.R.Civ.P. 10(c), *see* n.2, *supra.*

**15.** The Court directs Holsey to file the proposed amended complaint on the court form entitled "Form to be used by a Prisoner in Filing a Complaint under The Civil Rights Act, 42 U.S.C. Sec. 1983." Local Rule 37A. Holsey need not file another affidavit of poverty.

and plain statement of factual allegations against Collins, Lee, Millander, and Thompson.[16] If Holsey complies with F.R.Civ.P. 8, Local Rule 37A, and the other applicable procedures, leave to amend will be granted, discovery can take place, and the complaint may be reached on the merits. If, however, Holsey chooses not to file a motion seeking leave to amend and a proposed amended complaint, this case will be dismissed. If Holsey needs additional time to prepare his pleading, he should file a Rule 6(b) motion for an extension of time prior to the expiration of the time specified in this Memorandum Opinion and Order. Such motions are freely granted by this Court. Holsey need only state that he needs more time to prepare his response to this Memorandum Opinion and Order, and he may provide the Court with a reasonable estimate of the time required.

The United States District Court for the Western District of Missouri quoted an unpublished Court of Appeals opinion which is pertinent here:

> Through gross abuse of the legal process, Green's situation runs parallel with the epic story of the boy who yelled "wolf" too many times—when he actually needed help nobody would believe him. It may be that within the multitude of claims Mr. Green has filed, he has somewhere alleged a legitimate grievance. Notwithstanding the meticulous efforts of busy federal district and appellate judges to find a real grievance, one may nonetheless have been overlooked. Mr. Green has only himself to blame for this.

*Green v. Wyrick*, 428 F.Supp. at 735. This Court is directing Holsey to eliminate the blunderbuss allegations so that his possibly meritorious claims can be reached. Such action by the Court is necessary to promote judicial economy[17] and in fairness to the defendants.[18]

Accordingly, it is this 27th day of April, 1981, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiff, if he so desires, file a motion seeking leave to amend and a proposed amended complaint not later than twenty days after the date of this Order; and

2. That the Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to plaintiff and to counsel for the defendants.

---

**16.** Holsey may make claims against other persons if he names them as defendants, if his alleged right to relief arises out of the same transaction which is the subject of the instant case, and if any question of law or fact common to all defendants will arise in the action. F.R.Civ.P. 20(a).

**17.** *Brown*, 41 F.R.D. at 284 *quoting Passic v. State*, 98 F.Supp. 1015 (E.D.Mich.1951).

**18.** The purpose of F.R.Civ.P. 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata is applicable." *Rechsteiner*, 75 F.R.D. at 498 *citing* 2A Moore, *Federal Practice* ¶ 18.13; 5 Wright & Miller, *Federal Practice and Procedure*, § 1217.