803 F.2d 1180
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mehboob AHMED, MD, M.D., Plaintiff-Appellant,
v.
CHESAPEAKE HOSPITAL AUTHORITY; Chesapeake Hospital;
Bayside Humana Hospital; DePaul Hospital;
Medical Center Hospitals; Virginia
Beach General Hospital,
Defendants-Appellees.
Mehboob AHMED, M.D., Plaintiff-Appellant,
v.
RADIATION ONCOLOGY GROUP; Ear, Nose and Throat Ltd.,
Defendants-Appellees.
 Nos. 86-3077, 86-3078.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 3, 1986.
Decided Oct. 28, 1986.
 
 Mehboob Ahmed, appellant pro se.
 Stephen Evans Story, Kaufman & Canoles, for appellees Chesapeake Hospital Authority, Chesapeake Hospital and Medical Center Hospitals.
 Robert William McFarlane, David Raymond Simonsen, William Carter Younger, McGuire, Woods & Battle, for appellee Bayside Humana Hospital.
 Philip Edward Landrum, Landrum & Fleming, for appellee DePaul Hospital.
 James Laurent Windsor, Howard, Hancock & Howard, and David K. Sutelan, John F. Newhard, Breeden, MacMilland & Green, for appellee Virginia Beach General Hospital, in No. 86-3077.
 Stephen Evans Story, Stanley Graves Barr, Kaufman & Canoles, for appellees in No. 86-3078.
 E.D. Va.
 AFFIRMED.
 Before RUSSELL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mehboob Ahmed, a Virginia physician, appeals from the district court's dismissal, without leave to amend, of his complaint in C/A No. 86-165-N. In two related and consolidated actions, he appeals from the district court's dismissals, without leave to amend, in C/A Nos. 86-166-N and 86-167-N.
 
 
 2
 Before turning to the above actions, we believe it helpful to review the proceedings in a prior action, C/A No. 84-447-N. In that action, as in those now before us, Ahmed's quarrel was with several hospitals in the Norfolk, Virginia area which denied him staff privileges. Ahmed, through counsel, filed his original complaint in No. 84-447-N on June 2, 1984, but that complaint was never served. On September 24, 1984, Ahmed filed his first amended complaint, alleging violations under 42 U.S.C. Secs. 1981, 1985 and 1986 as well as violations of Virginia Code Sec. 32.1-134.1, and naming five hospitals as defendants. On March 6, 1985, Ahmed, in seeking to file a second amended complaint, raised a new claim of violation of the antitrust laws, and sought to add ten new individual defendants. On June 21, 1985, the district court entered an order dismissing Ahmed's antitrust claim without prejudice, dismissing the claims under Secs. 1985 and 1986, dismissing the ten additional defendants, and dismissing claims under Virginia Code Sec. 32.1-134.1. The court stated that only the claim under 42 U.S.C. Sec. 1981 remained viable. Ahmed voluntarily dismissed the Sec. 1981 claim with prejudice in a consent order entered July 2, 1985.
 
 
 3
 Ahmed failed to perfect an appeal of the July 2, 1985, dismissal of No. 84-447-N. He did eventually file a "Motion to Reopen the Case in Toto" on March 10, 1986. The district court denied that motion on March 11, 1986. This Court affirmed. Ahmed v. Chesapeake Hospital Authority, No. 86-2028 (4th Cir., Aug. 26, 1986) (unpublished).
 
 
 4
 We return now to the first of the actions now before us, C/A No. 86-165-N. Ahmed filed that action on March 14, 1986, against the same five hospitals originally named in No. 84-447-N. Ahmed's entire complaint, excepting the prayer for relief, stated:
 
 
 5
 1. Plaintiff moves to file antitrus [sic] violation by the defend[a]nts under 42 U.S.C. 1981 and 1985 and 15 U.S.C. 1 and 2 of Sherman Act seeking injunction from the distt. [sic] court for undermining plaintiff's rights from seeking privileges at the area health facilities by the defend[a]nts.
 
 
 6
 Ahmed later filed a series of miscellaneous documents. Ahmed filed an "Answer to DePaul Hospital" on April 21, 1986; a "Demurrer and Motion for Sanctions under Rule 11, 42 U.S.C.S. 1983 and 42 U.S.C.S. 1985" on April 22, 1986; and a "Revised Motion" on April 23, 1986. On April 25, 1986, he filed an "Answer to Motion for Summary Judgment," an "Answer to Medical Center Hospital's Motion for Sanctions under Rule 11 and Costs under 41(d)," an "Answer to Medical Center Hospital's Motion to dismiss for failure to state a claim, and request for carrying out discovery," and an "Answer to Chesapeake Hospital Authority to dismiss for failure to state a claim on which relief can be granted and full discovery be allowed to plaintiff." On April 30, 1986, Ahmed filed "Answers of Motion to dismiss." On May 9, 1986, he filed a "Motion to dismiss Virginia Beach Gen. Hosp.'s motion for an award of sanctions under Rule 11 and an award under Rule 41(d)" and a companion "Motion to include Richard Mladick in the case." On May 20, 1986, he filed an "Answer to Humana Va. Hospital's motion for an award of costs under Rule 41(d)."
 
 
 7
 On June 5, 1986, the district court dismissed Ahmed's complaint and denied leave to amend the complaint. The district court interpreted the April 23, 1986, "Revised Motion" as an amendment to the complaint and found that both it and the original complaint failed to satisfy Fed.R.Civ.P. 8, 9 and 12. Accordingly, the court denied leave to amend the complaint a third time. The court also found that res judicata barred the action.
 
 
 8
 The first issue before this Court is whether the district court abused its discretion in dismissing Ahmed's complaint, as amended.
 
 
 9
 Fed.R.Civ.P. 41(b) provides in pertinent part:
 
 
 10
 For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under the subdivision ... operates as an adjudication upon the merits.
 
 
 11
 A dismissal pursuant to Rule 41(b) for failure to file short and plain pleadings is reviewable only under an abuse of discretion standard. See, e.g., Schmidt v. Herrmann, 614 F.2d 1221, 1223-24 (9th Cir.1980). See also 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1217 (1969 and Supp. 1986).
 
 
 12
 We have little difficulty upholding the district court's dismissal of the amended complaint. Pro se complaints are to be read liberally. Haines v. Kerner, 404 U.S. 519 (1972). However, Ahmed's original complaint was so general, and at the same time confusing, as to give no notice of Ahmed's claims. See Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir.), cert. denied, 449 U.S. 829 (1980), cited in Holsey v. Collins, 90 F.R.D. 122, 126 n. 10 (D.Md.1981). Our review of the record shows that the "Revised Motion" and Ahmed's other submissions failed to clarify his contentions and in fact further confused them.
 
 
 13
 We turn to the district court's denial of leave to offer further amendments. Given Ahmed's numerous opportunities to state his claim in a coherent fashion, and his continuing inability to do so, the district court properly denied leave to offer further amendments. See Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend properly denied where repeated failures to cure deficiencies occur). Accordingly, the district court correctly dismissed, without leave to amend, C/A No. 86-165-N.[1]
 
 
 14
 We turn to the district court's dispositions in C/A Nos. 86-166-N and 86-167-N. Ahmed filed C/A No. 86-166-N on March 14, 1986, against the "Radiation Oncology Group,"[2] an entity which included individuals named in Ahmed's March 6, 1985, attempted second amended complaint in C/A No. 84-447-N. The complaint stated in its entirety:
 
 
 15
 Complaint.
 
 
 16
 Motion To File Antitrust Claim.
 
 
 17
 Agains [sic] Radiation Oncology Group.
 
 
 18
 1. Plaintiff moves under 1 & 2 of Sherman Act, 15 U.S.C. 1 & 2 at 42 USC [sic] 1981 seeking injunction from the Distt. [sic] Court for undermining plaintiff's right to seek privileges at the area hospitals.
 
 
 19
 2. Plaintiff seeks relief from violation of his rights and seeks
 
 
 20
 a) Punitive damages.
 
 
 21
 b) Indictment of Radiation Oncology Group.
 
 
 22
 c) Damages due to loss of income and defamation.
 
 
 23
 On April 23, 1986, Ahmed filed an "Answer to Defendant's Motion for requesting denial to Summary Judgment and dismiss charges against Radiation Oncology Group." This document attempted to set forth Ahmed's theory of the action but did so in a very confusing fashion.
 
 
 24
 On March 14, 1986, Ahmed also filed No. 86-167-N against "Ear, Nose and Throat Ltd." This complaint stated in its entirety:
 
 
 25
 Motion to File Antitrust Claim. Agains [sic] Ear Nose and Throat Ltd.
 
 
 26
 1. Plaintiff moves under 1 & 2 of Sherman Act 15 USCA [sic] 1 & 2 seeking injunction from the Distt. [sic] Court for undermining plaintiff's right to seek privileges at the area hospitals.
 
 
 27
 2. Plaintiff seeks relief from violation of his rights and seeks
 
 
 28
 a) Punitive Damages
 
 
 29
 b) Indictment of E.N.T. Ltd.
 
 
 30
 c) Damages due to loss of income and defamation.
 
 
 31
 On April 23, 1986, Ahmed filed a "Motion-Answer to Dismiss the request of Ear, Nose and Throat Ltd.'s motion to dismiss and for Summary Judgment."
 
 
 32
 On June 5, the district court consolidated C/A Nos. 86-166-N and 86-167-N and reviewed the pleadings. With respect to each action, the district court concluded that "[t]here is simply no plain statement of plaintiff's claims nor any facts to support what claims he attempts to state." The district court dismissed both actions without leave to amend.
 
 
 33
 After a review of the record, we discern no abuse of discretion in the district court's disposition of C/A Nos. 86-166-N and 86-167-N. Accordingly, the judgments of the district court are affirmed.
 
 
 34
 Humana Virginia Hospital Corp. has moved for an award of damages and costs pursuant to Fed.R.App.P. 38. Virginia Beach General Hospital has sought costs and attorney's fees. We do not find Ahmed's appeal to be completely frivolous. However, we note that repeated attempts to litigate decided cases have caused circuit courts to award sanctions against even pro se parties.
 
 
 35
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 36
 AFFIRMED.
 
 
 
 [1]
 We do not reach the district court's analysis of res judicata
 
 
 [2]
 The actual name of this entity is the Radiation Oncology Center of Norfolk General Hospital