838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lenvill SPENCER, Plaintiff-Appellant,
v.
Daniel F. HEDGES, Kathleen F. Beyer, Defendants-Appellees.
 No. 87-7695.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 21, 1987.
Decided: Feb. 1, 1988.
 
 Lenvill Spencer, appellant pro se.
 Before WIDENER, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lenvill Spencer brought this action apparently pursuant to 42 U.S.C. Sec. 1983. The pleadings Spencer has filed in this case are voluminous and confused. It is difficult to determine the exact nature of the claim Spencer is attempting to present.
 
 
 2
 The district court felt that Spencer was chiefly concerned with the alleged malpractice of two attorneys, Daniel Hedges and Kathleen Beyer. The district court apparently believed that Hedges and Beyer were public defenders appointed to represent Spencer and dismissed the claim against them relying on Polk County v. Dodson, 454 U.S. 312 (1981). However, Beyer was a deputy attorney general in West Virginia and Hedges seems to have been a private attorney who sued Spencer on behalf of a client. Therefore, at least in regard to Beyer, the district court's reliance on Polk County was inapposite.
 
 
 3
 However, the district court's error was understandable given the confusing and almost incoherent nature of Spencer's pleadings. While pro se complaints are to be interpreted liberally by the courts, Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978), the principles requiring generous construction do have their limits. They do not require that the courts fashion out of whole cloth claims that are not squarely presented to them. "Even in the case of pro se litigants, [courts] cannot be expected to construct full blown claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985), cert. denied, 54 U.S.L.W. 3630 (U.S. Mar. 24, 1986) (No. 85-6302).
 
 
 4
 Despite their voluminous length, Spencer's pleadings are so cryptic and disjointed that it is nearly impossible to intelligently analyze the substance of his claims. Spencer has been warned in the past by other courts that his method of presenting claims does not meet minimal pleading requirements and has been advised as to how these requirements might be met. However, he continues, in this action, to pursue the same unacceptable approach. Because Spencer has failed to file a short and plain statement of his claim for relief as required by Fed.R.Civ.P. 8(a), we affirm the judgment of the district court dismissing the action without prejudice. Holsey v. Collins, 90 F.R.D. 122 (D.Md.1981).
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.