955 F.2d 41
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Chris HARRIS, Plaintiff-Appellant,
v.
Dr. ANGLIKER; Counselor Russell; Warden, of Marion
Treatment Hospital, Defendants-Appellees.
Christ HARRIS, Plaintiff-Appellant,
v.
MARION TREATMENT CENTER; Dr. Angliker; Counselor Russell,
Defendants-Appellees.
v.
Chris HARRIS, Plaintiff-Appellant,
Sa'ad EL'AMIN, Lawyer; Virginia Bar Association; Virginia
Public Defenders; Department of Corrections,
Defendants-Appellees.
 Nos. 91-7118, 91-7120 and 91-7620.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 19, 1991.
Decided Feb. 10, 1992.
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge; Jackson L. Kiser, District Judge. (CA-91-344-R, CA-91-354-R).
 Chris Harris, appellant pro se.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Chris Harris appeals the dismissal of two of his pro se complaints and the denial of his request for a preliminary injunction. Because we find his appeals to be without merit, we affirm.
 
 
 2
 Harris is a prolific litigant who has, in just the last year, filed several complaints and dozens of supporting documents in district court. Because Harris inevitably intermingles claims concerning his convictions with claims about the conditions of his confinement, and because he usually fails to specify the dates, locations, and persons responsible for the alleged deprivations of which he complains, his rambling pleadings are effectively incomprehensible.
 
 
 3
 The test of the adequacy of the pleadings is whether the adversary has sufficient notice of the pleader's claim so that he can prepare his responsive pleadings or prepare for trial. Riblet Tramway Co. v. Monte Verde Corp., 453 F.2d 313, 318-19 (10th Cir.1972). It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert. denied, 382 U.S. 966 (1965); Holsey v. Collins, 90 F.R.D. 122, 128 (D.C.Md.1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). Because the pleadings submitted by Harris are not in an intelligible, coherent, or manageable form, the respective district courts did not abuse their discretion by dismissing these cases.* Furthermore, we note that the district court in No. 91-7620 properly dismissed the claims it could decipher as facially frivolous.
 
 
 4
 In conclusion, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 We wish to remind the district courts that to fulfill their obligation to liberally construe pro se complaints, they should normally permit a litigant, particularly one proceeding pro se, the opportunity to offer supporting evidence unless it is beyond doubt that the petitioner could prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319 (1972). Where a pro se complaint contains potentially cognizable claims, the plaintiff should be normally allowed to particularize his claims. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965)