**Roger Vernon MOLL, Plaintiff,**

v.

**Jimmy CARTER, et al., Defendant.**

**No. CIV.A. 98–4066–DES.**

United States District Court,
D. Kansas.

June 16, 1998.

**610**

Roger Vernon Moll, Colmery O'Neal Veteran Center, Topeka, KS, Pro se.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the court's *sua sponte* review of the *pro se* plaintiff's complaint.

 Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "[A]llegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977).

The court must liberally construe the pleadings of a pro se litigant. *Whitney v. State of N.M.,* 113 F.3d 1170, 1173 (10th Cir.1997). However, "pro se litigants must comply with the minimal standards of notice pleading required in Rule 8(a)." *Betts v. Allied Cementing Co., Inc.,* 1989 WL 118509 (D.Kan.1989) (citing *Holsey v. Collins,* 90 F.R.D. 122, 128 (D.Md.1981) (pro se litigants must adhere to the rudimentary dictates of civil procedure)). "A complaint that is nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies, which fails to plainly and concisely state the claims asserted, and fails to give the dates and places of the alleged events of which plaintiff complains, falls short of the liberal and minimal standards set out in Rule 8(a)." *Id.* The court should dismiss *pro se* claims "which are supported only by vague and conclusory allegations." *Northington v. Jackson,* 973 F.2d 1518, 1521 (10th Cir.1992) (citation omitted).

After reviewing the complaint in this case, the court finds that it wholly fails to meet the liberal and minimal standards set out in Fed.R.Civ.P. 8(a). Plaintiff's complaint consists of ambiguous and incomprehensible allegations that his caretakers at a military hospital failed to remove electric batteries from his teeth and starved him into dementia. Accordingly, the court finds that plaintiff's complaint should be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed without prejudice for failure to allege a claim under Rule 8(a).

**IT IS FURTHER ORDERED** that plaintiff's application for appointment of counsel (Doc. 3) is denied.