**Bruce Edward: WALTON, Plaintiff,**

v.

**Daniel J. SHANELEC, Maurice Chandley, C.P. Rowland, and Samuel A. Crow, Defendants.**

No. Civ.A. 98–4149–DES.

United States District Court, D. Kansas.

Sept. 17, 1998.

Bruce Edward Walton, Sterling, KS, pro se.

William F. Logan, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for Defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court, *sua sponte*, upon the court's review of the pleadings. For the reasons discussed below, Judge Crow is dismissed as a defendant in this action, and the case against the remaining defendants is also dismissed as barred by the doctrine of *res judicata*.

### I. INTRODUCTION

In his complaint, the plaintiff states that he is seeking damages in the amount of $1,000,000 against United States District Judge Sam[1] A. Crow because he allegedly denied plaintiff "due process of law, by arbitrary and capricious actions taken outside the normal scope of his authority," denied plaintiff "the right to a trial by jury as required

by the Seventh Amendment to the Constitution and Rule 38(a) of the Federal Rules of Civil and Judicial Procedure," and denied plaintiff "the right to present the case and evidence before a Seventh Amendment jury, even though Judge Crow cited case after case stating that the complaint should not be dismissed."

Plaintiff has also asserted several claims against the remaining defendants, which plaintiff had previously filed as case number 98–4091–SAC. The previous case against these defendants was dismissed by Judge Crow for failure to state a claim upon which relief can be granted.

### III. DISCUSSION

#### A. Defendant Judge Crow

Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." The court must liberally construe the pleadings of a *pro se* litigant. *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997). However, "pro se litigants must comply with the minimal standards of notice pleading required in Rule 8(a)." *Betts v. Allied Cementing Co., Inc.*, 1989 WL 118509 (D.Kan. 1989) (citing *Holsey v. Collins*, 90 F.R.D. 122, 128 (D.Md.1981) (pro se litigants must adhere to the rudimentary dictates of civil procedure)). "A complaint that is nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies, which fails to plainly and concisely state the claims asserted, and fails to give the dates and places of the alleged events of which plaintiff complains, falls short of the liberal and minimal standards set out in Rule 8(a)." *Id.*

"[J]udicial immunity is an immunity from suit, not just from the assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). *See For-*

---

1. The court recognizes that the complaint names Judge Crow as "Samuel;" however, in actuality, it should be "Sam."

rester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Cleavinger v. Saxner, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Furthermore, courts have repeatedly held that judicial immunity cannot be overcome by allegations of bad faith or malice. Mireles, 502 U.S. at 11, 112 S.Ct. 286 (citing Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Harlow v. Fitzgerald, 457 U.S. 800, 815–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

■ Judicial immunity is only overcome in the following two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11, 112 S.Ct. 286.

Neither of the above circumstances exist to allow plaintiff to maintain a lawsuit against Judge Crow. Plaintiff's claims against Judge Crow stem from Judge Crow's dismissal of plaintiff's prior case against the other defendants in this case. Clearly, that action was taken in Judge Crow's judicial capacity. Furthermore, it is equally clear that his dismissal of the prior case was not taken in the complete absence of all jurisdiction. Therefore, Judge Crow is protected by judicial immunity. As a result, the court finds that, not only does plaintiff's complaint fail to meet the requirements of Rule 8(a) as to defendant Crow, plaintiff has also failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), as to defendant Crow.

■ The Tenth Circuit has held that a district court may dismiss sua sponte a pro se complaint for failure to state a claim. Whitney, 113 F.3d at 1173 (citing McKinney v. State of Oklahoma Dep't of Human Serv., 925 F.2d 363, 365 (10th Cir.1991)). Such dismissal is only appropriate where it is " 'patently obvious' that the plaintiff[s] could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile." McKinney, 925 F.2d

at 365 (citation omitted). See also Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir.1991) ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings"). When the plaintiff is proceeding pro se the court must liberally construe the complaint, and apply a standard less stringent than that which is applicable to a complaint filed by lawyers. Whitney, 113 F.3d 1170, 1173 (citing Gagan v. Norton, 35 F.3d 1473, 1474 n. 1 (10th Cir.1994), cert. denied, 513 U.S. 1183, 115 S.Ct. 1175, 130 L.Ed.2d 1128 (1995)). The court, however, is not required to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Id. at 1173–74 (citing Hall, 935 F.2d at 1110).

As stated above, it is patently obvious to the court that plaintiff could not prevail upon his claims against Judge Crow as a result of his judicial immunity. Therefore, the court finds that Judge Crow should be dismissed as a defendant in this action, based upon plaintiff's failure to state a claim upon which relief can be granted.

## B. Remaining Defendants

■ The court has also reviewed plaintiff's complaint as it pertains to the remaining defendants in this case. The court notes that the remaining defendants are the same ones which were named in Judge Crow's case, number 98–4091–SAC. Furthermore, the court notes that the claims asserted against these same defendants in the present case are the same claims as those asserted in Judge Crow's case, which was dismissed for failure to state a claim upon which relief can be granted.

The Tenth Circuit has recognized that dismissal for failure to state a claim upon which relief can be granted " 'is a decision on the merits with full res judicata effect.' " State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 518 n. 8 (10th Cir.1994) (quoting Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir.1987)). Since the present action involves the same defendants and the same claims which were dismissed by Judge Crow for failure to state a claim upon which relief can

be granted, this present lawsuit is barred by the doctrine of *res judicata.*

**IT IS THEREFORE BY THE COURT ORDERED** that defendant Sam A. Crow is dismissed, for plaintiff's failure to state a claim upon which relief can be granted, as a defendant in this action.

**IT IS FURTHER ORDERED** that the case against the remaining defendants be dismissed as barred by the doctrine of *res judicata.*