**PASSIC v. STATE.**

No. 10789.

United States District Court
E. D. Michigan, S. D.

Aug. 9, 1951.

Joseph Bartholomew Passic in pro per.

No appearance for defendant.

KOSCINSKI, District Judge.

Joseph Bartholomew Passic filed his petition for writ of habeas corpus in this

court. He is presently confined as a patient in residence at the Ionia State Hospital, Ionia, Michigan.

The petition for issuance of the writ of habeas corpus is in two volumes of approximately one thousand pages each, or a total of approximately two thousand pages.

Petitioner was sentenced in the Recorder's Court of the City of Detroit on embezzlement charges, with a count of larceny by conversion, to a term of from five (5) to ten (10) years, as of November 19, 1943.

From an investigation made by this court, and correspondence exchanged between petitioner and one of the judges of this court and also with the Clerk of this court, it is apparent that until on or about July 1, 1951 this petitioner was an inmate of the State Prison at Jackson, Michigan, where he was serving his sentence, and that sometime during the month of July he became a patient in residence at the Ionia State Hospital.

The Clerk's correspondence records indicate that the two-volume petition was filed on June 24, 1951, while petitioner was confined in the Jackson prison. The Clerk did not file the petition at that time for the reason that it was not accompanied by the filing fee of Five Dollars, nor was there an order requested or signed to proceed in forma pauperis. The filing fee was received by the Clerk subsequently and the petition was marked as filed on August 2d, 1951.

Section 2241(a) of Title 28 U.S.C.A. provides that district courts may grant writs of habeas corpus within their respective jurisdictions. Ionia County, which is the location of the Ionia State Hospital, where petitioner is a patient and resident when the petition was marked as filed in this court by the Clerk, is within the territorial jurisdiction of the District Court for the Western District of Michigan.

In the case of Ex Parte Catanzaro, 3 Cir., 1943, 138 F.2d 100, certiorari denied, 321 U.S. 793, 64 S.Ct. 789, 88 L.Ed. 1083, the court held that a transfer of prisoner's custody from one prison to another, after his application for a writ of habeas corpus, cannot defeat a court's jurisdiction to grant or refuse writ on merits of application.

■ It would appear, then, that petitioner was within the jurisdiction of this court when he filed his petition, and, although it was not formally filed by the Clerk because it was unaccompanied by the filing fee, this was a mere irregularity which would not defeat this court's jurisdiction, since the application was filed while the prisoner was an inmate in an institution within the territorial jurisdiction of this court. If there be an irregularity in the proceeding here, it is believed to be cured by 28 U.S.C.A. § 1406(a), providing that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Would it be in the interest of justice for this court to transfer this proceeding to the Western District of Michigan?

Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that "A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

Subsection (e) of the same rule requires that "(1) Each averment of a pleading shall be simple, concise, and direct."

The District of Columbia Circuit Court of Appeals so held in a similar situation, in McCann v. Clark, 191 F.2d 476. There, the court said: "The pleading in the case before us does not contain a short and plain statement of the claim, and its averments are neither simple, concise nor direct. It is so flagrantly violative of Rule 8 that it should have been dismissed on that ground if on no other."

The foregoing language is peculiarly applicable to the two-volume petition filed here.

■ The law does not require, nor does justice demand, that a judge must grope through two thousand pages of irrational, prolix and redundant pleadings, containing

matters foreign to the issue involved in a proceeding for a writ of habeas corpus, in order to determine the grounds of petitioner's complaint.

For the reasons stated, this court will dismiss the petition and will not transfer it to the Western District of Michigan, and on the further ground that it would not be in the interest of justice to do so.

It is therefore Ordered that the petition for writ of habeas corpus filed herein be, and the same is, hereby dismissed.