**William ADAMS, Appellant,**

v.

**Bill ARMONTROUT and William L. Webster, Appellees.**

**No. 89–1332.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1990.

Decided Feb. 26, 1990.

Randy M. Smith, St. Louis, Mo., for appellant.

Patrick L. King, Jefferson City, Mo., for appellees.

Before McMILLIAN and MAGILL, Circuit Judges, and HANSON,[*] Senior District Judge.

McMILLIAN, Circuit Judge.

William Adams (appellant) appeals from a final order entered in the District Court[1] for the Eastern District of Missouri returning appellant's 28 U.S.C. § 2254 (1988) petition for a writ of habeas corpus because it failed to substantially comply with the Rules Governing Section 2254 Cases in the United States District Courts (1982) (Section 2254 Rules). Appellant argues that the district court should be reversed because his petition substantially complied with the Section 2254 Rules. We affirm the order of the district court.

I.

In 1986, appellant was convicted by a jury in the Circuit Court of St. Charles County, Missouri, of two counts of assault in the first degree in violation of Mo.Rev. Stat. § 565.050 (1986); one count of burglary in the first degree in violation of Mo. Rev.Stat. § 569.160 (1986); one count of unlawful use of a weapon in violation of Mo.Rev.Stat. § 571.030.1(4) (1986); and three counts of armed criminal action in violation of Mo.Rev.Stat. § 571.015 (1986).

---

[*] The Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

The state trial court sentenced appellant to a total of 45 years in the Missouri Department of Corrections. The Missouri Court of Appeals affirmed. *See State v. Adams,* 741 S.W.2d 781 (Mo.App.1987).

On March 2, 1988, appellant filed this petition for a writ of habeas corpus in federal district court. Question 12 of the Petition Form filed by appellant requests the petitioner to "state concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same." In the space provided to set forth "supporting facts," appellant stated: "the transcripts, legal files, briefs on appeal, and the records in this case. The trial court records will demonstrate that the appellate court changed the theories on appeal." Appellant set forth six grounds for relief, but stated only "see legal files and transcripts" when requested for supporting facts.

On March 9, 1988, the district court referred the petition to Magistrate William S. Bahn for his Report and Recommendation. On December 30, 1988, the magistrate recommended that the petition be returned as insufficient. On January 9, 1989, appellant filed exceptions to the magistrate's recommendation and also requested that counsel be appointed. On February 2, 1989, the district court adopted the magistrate's report and recommendation and denied the petition without prejudice. The district court also denied appellant's motion to amend his petition. This appeal followed.

## II.

For reversal, appellant argues that his petition is in substantial compliance with the Section 2254 Rules and that *pro se* petitions are required to be liberally construed to prevent injustice. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam).

Section 2254 Rule 2(c) provides in relevant part that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge *and shall set forth in summary form the facts supporting each of the grounds thus specified"* (emphasis added). Section 2254 Rule 2(e) provides that "[i]f a petition received by the clerk of a district court does not substantially comply with the requirements of Rule 2 ... it may be returned to the petitioner, if a judge of the court so directs, together with a statement of the reason for its return."

■ Appellant's contention that he substantially complied with the Section 2254 Rules lacks merit. Rule 2(c) explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief. Appellant's general reference to the transcripts, case records, and briefs on appeal patently fails to comply with Rule 2(c). Appellant's repeated references to the entire record were of no assistance whatsoever to the district court, which must decide, based on the face of the petition, whether the claims asserted merit further federal habeas corpus review.

We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief. Requiring such an exhaustive factual review of entire state court records would pose an insuperable burden on already strained judicial resources. We join the numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief. *See, e.g., Williams v. Kullman,* 722 F.2d 1048, 1051 (2d Cir.1983) ("[d]espite our firm conviction that the pleading requirements in habeas corpus proceedings should not be overly technical and stringent, it would be unwise to saddle district judges with the burden of reading through voluminous records and transcripts in every case") (*Williams*); *Moore v. Swenson,* 361 F.Supp. 1346, 1351 (E.D. Mo.1973) (court will not sift through brief filed before state supreme court and incorporated into habeas corpus petition to de-

termine whether grounds exist for relief); *Passic v. Michigan,* 98 F.Supp. 1015, 1016–17 (E.D.Mich.1951) ("[t]he law does not require, nor does justice demand, that a judge must grope through two thousand pages of irrational, prolix, and redundant pleadings ... in order to determine the grounds of petitioner's complaint").

 We hold that in order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.

We note that appellant is free to refile his petition, so long as it complies with this opinion and the Section 2254 Rules.[2] Section 2254 Rule 2(e) clearly contemplates that a returned petition may be refiled, so long as deficiencies are corrected and the petition substantially complies with the Section 2254 Rules.[3] *See Williams,* 722 F.2d at 1051 (Rule 2(e) presents a viable "middle ground between an overly liberal allowance of the writ of habeas corpus on the one hand and *sua sponte* dismissal on the other"); *Goodwin v. Ricketts,* 549 F.Supp. 893, 894 (D.Colo.1982) (court gives petitioner 30 days to refile petition returned pursuant to Rule 2(e)). If appellant chooses, he may refile a petition which complies with the Section 2254 Rules, and he may renew his request for appointment of counsel at that time.

The issues raised by appellant do not merit further discussion. *See* 8th Cir.R. 14. Accordingly, the order of the district court returning appellant's petition is affirmed. Appellant shall have 60 days from the date of this opinion in which to refile his petition in proper form.

---

**2.** The district court did not dismiss appellant's petition with prejudice.

**3.** Rule 2(e) requires that a statement of reasons for returning a petition be included with the returned petition. Moreover, the Advisory Committee Note to Rule 2(e) makes clear that the petition may be refiled. *See* Section 2254 Rule 2(e) advisory committee's note.