USCA1 Opinion

 

 January 19, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2245 MICHAEL KEVIN DUPONT, Petitioner, Appellant, v. LARRY E. DUBOISE, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Michael Kevin Dupont on brief pro se. ____________________ ____________________ ____________________ Per Curiam. Michael DuPont is appealing the ___________ October 27, 1994, and November 23, 1994, orders of the district court, which basically denied his request that the court file an incomplete habeas form on his behalf as a new habeas action. We affirm for the following reasons. First, DuPont submitted his motions under the docket number of a closed habeas case. The district court correctly concluded that DuPont should file a new habeas action. Second, the habeas petition submitted by DuPont did not state what his grounds for relief were or provide a statement of supporting facts in summary form. Rather, it attempted to incorporate by reference his original habeas petition and his "traverse" from the closed case. Under those circumstances, the district court could reject the petition as insufficient under Rule 2(c) and could decline to order the clerk to open a new habeas action on DuPont's behalf. See Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. ___ _____ __________ 1990) (stating that a habeas petitioner must state facts showing he is entitled to habeas relief sufficient to "enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review," the court affirmed dismissal of a habeas petition which did not describe the facts supporting the asserted grounds for relief, but simply referred the court to appellate briefs, transcripts, the record, and other such materials). Third, although DuPont claims that state prison officials are withholding his original habeas record from him, he acknowledges that he has received a copy of his original habeas petition from the clerk of the district court. His original petition sufficiently describes his grounds for habeas relief and facts in support thereof to permit him to file a new habeas petition. From his submissions here and below, DuPont appears to have ample access to documents required to support his claim that he has exhausted his state remedies since filing his original habeas action. The district court was not required to send him the traverse from his original habeas action. Fourth, the October 11 order of this court did not direct the district court to file a new habeas action on DuPont's behalf. Nor did it direct DuPont to seek an order compelling prison officials to return his habeas file to him by applying for such an order in a closed case. At the present time, DuPont has the materials he needs to file a new habeas action. If he does so, and if it becomes necessary for DuPont to obtain his original habeas record in order to pursue his new habeas action, then he may seek injunctive relief in the new action. Otherwise, he may file a new action for injunctive relief in the district court for the -3- sole purpose of obtaining the allegedly withheld habeas record.1 Finally, in view of the above, we deny DuPont's request that counsel be appointed to represent him. Affirmed.  _________  ____________________ 1. We infer from DuPont's arguments on appeal that he may have sought a motion to compel prison officials to return his habeas record to him in a civil rights action he has brought against prison officials in DuPont v. Dubois, D. Mass. Dkt. ______ ______ No. 92-12420. If so, his motion will be acted on in due course. -4-