**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VONNIE RAY BULLARD,
Petitioner-Appellant,

v.

PATRICIA L. CHAVIS, Superintendent,

No. 96-7614

Lumberton Correctional Institution,
Lumberton, North Carolina;
MICHAEL EASLEY, Attorney General
of North Carolina,
Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-96-370-5-BO)

Argued: April 8, 1998

Decided: August 6, 1998

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished opinion. Judge Wilkins wrote
the opinion, in which Judge Luttig and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** James Richard Glover, GLOVER & PETERSEN, P.A.,
Chapel Hill, North Carolina, for Appellant. Clarence Joe DelForge,
III, Assistant Attorney General, NORTH CAROLINA DEPART-

MENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Michael F. Easley, Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

WILKINS, Circuit Judge:

Vonnie Ray Bullard appeals a decision of the district court dismissing his petition for habeas corpus relief[1] on the basis that Bullard must seek permission from this court to file the petition pursuant to the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governing the filing of "second or successive" habeas petitions. 28 U.S.C.A. § 2244(b) (West Supp. 1998). Bullard contends that the gatekeeping provisions of the AEDPA do not apply to his petition because he submitted the petition for filing prior to the effective date of the AEDPA and the district court erred in returning it for failing to substantially comply with the requirements of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules). We agree. Accordingly, we vacate the judgment of the district court and remand for further proceedings.

_____

**1** Bullard named William R. Barker, Superintendent of the Sampson County North Carolina Prison Unit where Bullard was incarcerated, and Michael Easley, Attorney General of North Carolina, as Respondents. Patricia L. Chavis, Superintendent of the Lumberton Correctional Institution, subsequently was substituted for Barker. For ease of reference, we refer to respondents collectively as "the State."

2

I.

In March 1996, Bullard prepared this petition under 28 U.S.C.A. § 2254 (West 1994) challenging his North Carolina conviction for first-degree murder in the form provided for that purpose by the United States District Court for the Eastern District of North Carolina and submitted the petition for filing. The clerk's office returned the petition to him, citing the omission of Bullard's prison number in a space specified on the form. Bullard inserted his prison number and mailed the petition back to the clerk's office on April 29, 1996. The clerk's office assigned the petition a docket number at that time. In the course of these events, the AEDPA became effective on April 24, 1996.

On July 22, 1996, the State filed a motion to dismiss Bullard's § 2254 petition, maintaining that the petition was second or successive to two § 2254 petitions Bullard had filed previously and that Bullard could not proceed in the district court absent permission from this court. The district court concluded that Bullard filed the petition on May 2, 1996, after the effective date of the AEDPA, because the petition submitted earlier did not substantially comply with the requirements of the Section 2254 Rules. Therefore, the district court dismissed the petition, ruling that the court lacked jurisdiction to proceed until Bullard received permission from this court to file a second or successive petition.

II.

Bullard argues that the district court erred in concluding that his § 2254 petition was not in substantial compliance with the requirements of the Section 2254 Rules merely because he had failed to include his prisoner number on the petition. Bullard asserts that his § 2254 petition was in substantial compliance and, thus, that the petition should be deemed to have been filed when first received by the district court.[2]

_____

[2] Rule 2(e) provides that "[i]f a petition received by the clerk of a district court does not substantially comply with the requirements of rule 2 or rule 3, it may be returned to the petitioner, if a judge of the court so directs." Section 2254 Rule 2(e).

3

The Section 2254 Rules provide in pertinent part that a § 2254 "petition shall be in substantially the form annexed to these rules, except that any district court may by local rule require that petitions filed with it shall be in a form prescribed by the local rule." Section 2254 Rule 2(c). The primary purpose of Rule 2(c) is to permit the district court to "decide, based on the face of the petition, whether the claims asserted merit further federal habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990). Thus,

> in order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.

Id. at 334.

The petition filed by Bullard was submitted in the form provided by the district court for that purpose. The only portion of the petition identified by the district court or the parties that arguably fails to comply with the form prescribed by the district court is the omission of Bullard's prison number. The State contends only that the prison number would assist the district court in determining which of the prisoners housed at a specified institution had submitted the petition in the event that there were more than one inmate with the same name as the petitioner. It is undisputed that the prison number would not have aided the district court in determining whether the petition warranted additional habeas review. In our view, although Bullard's omission of his prison number on the petition originally submitted for filing no doubt constituted a technical failure to comply with the requirements of Section 2254 Rule 2(c), we are unable to determine that this omission can be said to render Bullard's petition not in substantial compliance such that a return of the petition to him was warranted under Section 2254 Rule 2(e). Accordingly, we conclude that the petition should be deemed to have been filed when it was originally submitted for filing prior to the effective date of the AEDPA. Consequently, we vacate the judgment of the district court and

4

remand for further proceedings consistent with this decision.

<u>VACATED AND REMANDED</u>

5