Ronald REED, Petitioner,

v.

Jody HATHAWAY, Warden, Shawnee Correctional Center, Respondent.

Case No. 08–CV–2202.

United States District Court, C.D. Illinois, Urbana Division.

Jan. 30, 2009.

Ronald Reed, Shawnee Correctional Center, Vienna, IL, pro se.

Leah M. Bendik, Office of Illinois Attorney General, Chicago, IL, for Defendant.

## OPINION

MICHAEL P. McCUSKEY, Chief Judge.

Petitioner, Ronald Reed, was convicted following a jury trial in the Circuit Court of Macon County, Illinois, of possession of 400 or more grams of cocaine with the intent to distribute with a prior unlawful possession of a controlled substance conviction (720 ILCS 570/401(a)(2)(C) (West 2008)) and possession of 30 grams of cannabis (720 ILCS 550/4(b) (West 2008)). Following denial of his direct appeal and denial of Illinois Supreme Court review of his direct appeal, Petitioner initiated state court post conviction petition proceedings. The trial court dismissed his petition and the state appellate court subsequently upheld the trial court's ruling. The Illinois Supreme Court declined to review the dismissal of the post conviction petition. On September 2, 2008, Petitioner filed in this court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody (# 1). Respondent Jody Hathaway, Warden of the Shawnee Correctional Center, filed his Response (# 11) on January 8, 2009. For the following reasons, Petitioner's Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254(# 1) is DENIED.

## BACKGROUND

*Procedural History*

Petitioner was charged with (1) unlawful possession of a controlled substance with intent to deliver with a prior unlawful possession of a controlled substance conviction; (2) unlawful possession of a controlled substance with a prior unlawful possession of a controlled substance conviction; (3) unlawful possession of cannabis with intent to deliver; and (4) unlawful possession of cannabis with a prior unlawful possession of a controlled substance conviction. Petitioner's case proceeded to trial in 2003, but the trial court was forced to declare a mistrial because the jury was deadlocked. Petitioner was convicted following a second trial on April 7, 2004, of possession of 400 grams or more of cocaine with intent to distribute with a prior unlawful possession of a controlled substance conviction and possession of 30 grams of cannabis. Petitioner was sentenced to 18 years on the cocaine charge and 5 years on the cannabis charge, to be served concurrently.

Petitioner filed his direct appeal with the Illinois Fourth District Appellate Court. On direct appeal, the sole issue raised by Petitioner was that the trial court erred at his second trial when it allowed the State to read into the record at trial testimony from a witness at Petitioner's first trial. The State claimed that it could not locate the witness, and thus the witness was unavailable for trial, but because he had testified at the first trial, there had been an opportunity for cross examination. The Fourth District Appellate Court agreed with the State, and affirmed Petitioner's conviction. *People v. Reed,* No. 4–04–0505 (unpublished Rule 23 Order, Jan. 12, 2006). Petitioner filed a

Petition for Leave to Appeal (PLA) with the Illinois Supreme Court. In the PLA Petitioner argued that the Fourth District Appellate Court applied an incorrect standard of review to the trial judge's ruling on whether to allow the transcript of witness testimony from the first trial to be read in the second trial because the witness was unavailable. Petitioner also argued that on the uncontested facts of the case, the State's efforts to locate its witness were insufficient to deny Petitioner his right to confront that witness in front of the jury. The Illinois Supreme Court denied the PLA. Petitioner then had different counsel file an "Emergency Motion to File Appearance as Additional Counsel and to File Supplemental Petition for Leave to Appeal," which specifically raises the issue: "Defendant's constitutional right of confrontation was denied when the trial court held the witness was unavailable and the authorities made a reasonable to locate the witness where actually the State's search was deficient." The Illinois Supreme Court denied this Emergency Motion as well.

Petitioner later filed a post conviction petition in the Macon County circuit court alleging ineffective assistance of counsel because Petitioner's trial counsel did not cross examine the State or present evidence showing that the State's efforts to locate the unavailable witness were not reasonable. The post conviction petition also alleged that one of the witnesses who testified against Petitioner at the second trial, Jason Young, falsely testified that he had not made a deal for a lesser sentence in return for his testimony against Petitioner. Petitioner alleged that Young had indeed received a lesser sentence in exchange for his testimony. The trial court dismissed the post conviction petition, finding that the claim regarding ineffective assistance of counsel with regard to the

unavailable witness was barred by res judicata, as it was the issue raised on direct appeal. Petitioner's other argument, concerning the testimony of Jason Young, was similarly rejected as being frivolous and patently without merit. Petitioner's appeal to the Fourth District Appellate Court and PLA to the Illinois Supreme Court were likewise rejected.

Having exhausted his available state remedies, Petitioner filed this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (# 1) on September 2, 2008. Respondent filed its Answer to Petitioner's Petition for Writ of Habeas Corpus (# 11) on January 8, 2009. No reply has been filed and this case is ripe for adjudication.

## FACTUAL BACKGROUND

In his Petition (# 1), Petitioner raises two grounds: (1) "Law states that you have the right to confront witnesses" and (2) "The State allowed their witness to commit perjury." Petitioner did not include any further details or development of these grounds, but rather included several briefs from his state case. In § 2254 petitions, a determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The following factual background relating to Petitioner's claims have been taken from the Rule 23 unpublished direct appeal decision on Petitioner's case rendered by the Illinois Fourth District Appellate Court on January 12, 2006:

On March 31, 2002, Decatur police executed a warrant on a residence at 129 West King Street in Decatur. After watching Petitioner leave the residence, police entered the residence and found two electronic scales sitting on a coffee table; another digital scale with white residue on it in the kitchen; cannabis at numerous locations in the residence, including cannabis in compressed form, indicating shipment from Mexico; a .40–caliber semiautomatic handgun; plastic packaging for individualized quantities of drugs; four digital phones; a cutting agent; and cocaine with a street value of $49.980. Evidence in the King Street residence was consistent with its use as a "safe house" or storage place from which drugs are distributed.

While the police were conducting the search, Petitioner was stopped while driving in the area. Jason Young was a passenger in Petitioner's car and had keys to the King Street residence. Police then arrested both men.

Petitioner's case proceeded to trial (hereinafter first trial). However, on May 15, 2003, the trial judge declared a mistrial because the jury was deadlocked. Certain elements of the State's presentation are unique to the first trial and must be noted.

First, the State called Leland Deviner as a witness during the first trial. Deviner testified that he had worked with Petitioner in distributing cocaine for seven or eight months prior to the execution of the March 31, 2002, search warrant. Deviner testified as to the "modus operandi" of his "business relationship" with Petitioner, stating that he would typically purchase incremental amounts of cocaine, between a quarter ounce to a half ounce, from Petitioner and reimburse him at a rate of $1,000 per ounce upon his subsequent sale of the cocaine. Deviner testified that on March 29, 2002, he had a conversation with Petitioner where Petitioner told him that he was going to go out of town to purchase illegal drugs. Deviner also testified as to Petitioner's relationship with Jason Young, stating that the two were associated and that Young would often "take off and leave" after Petitioner received a phone call. Deviner was then cross-examined by Petitioner's counsel.

The State did not call Jason Young as a witness during the first trial.

On April 5, 2004, a new trial was commenced (hereinafter the second trial). Earlier that same morning the State had filed a motion for continuance of one day to locate Deviner. In its motion, the State noted that it was unable to locate Deviner to serve the subpoena, that Deviner's attorney was on vacation during the week prior to trial and was unable to assist in locating Deviner, that Deviner had testified in the prior trial that Petitioner had supplied Deviner with cocaine to distribute, and that the State would like to submit a transcript of Deviner's prior testimony if the motion to continue were to be denied. Petitioner objected to the motion to continue and the trial court denied the motion.

The trial court then conducted a hearing outside the presence of the jury to determine whether Deviner's testimony from the first trial could be admitted into evidence. The State called the State's Attorney's office investigator, Frank Schultz, to testify as to the steps the State took in trying to secure Deviner's appearance. Schultz testified that he first was asked to serve a subpoena on Deviner on March 31, 2004. According to Schultz, the State employed his services at this late date upon realizing that the address supplied to the State by Deviner's attorney was incorrect. Schultz testified that he then took the following actions in attempts to locate Deviner: (1) confirmed that the address given by Deviner's attorney did not exist; (2) contacted the city police department to coordinate a search effort for Deviner amongst their on-duty patrol units; (3) contacted the apartment complex where the previously given non-existent address would have been located and found that Deviner's sister actually lived in the complex at a different address; (4) contacted Deviner's sister after several attempts, only to be told that she had no idea where Deviner was and did not know how to contact him; (5) investigated Deviner's prior residences through a search of his old cases on file at the circuit clerk's office; (6) visited the prior residences and learned that it was actually Deviner's mother who had lived there but that she had since relocated; (7) located Deviner's mother and spoke with her, again only to be told that she did not know where he was; (8) left his contact information with Deviner's mother in the event that she was able to locate her son; and (9) contacted the narcotics bureau to see if they had any updated contact information on Deviner. These actions took place on the dates of Wednesday, March 31, Thursday April 1, and Friday, April 2, prior to the Monday, April 5, 2004, hearing.

The trial court considered the State's efforts balanced against the fact that the State had waited until the week before trial to locate the witness. The trial court then concluded that, in sum, the State's efforts to locate Deviner were sufficient to deem him "unavailable." As a consequence, the State was allowed to read Deviner's prior testimony aloud to the jury in the second trial.

The State brought forth a new witness in the second trial, Jason Young. Young testified that prior to the execution of the search warrant on the King Street property, he had spent time in the residence with Petitioner. Young further testified that at some point during that same evening, Petitioner had left the residence and returned with a brown paper bag containing cocaine. Young's testimony was not corroborated.

On April 7, 2004, the new jury found Petitioner guilty of possession of 400 grams or more of cocaine with intent to distribute with a prior unlawful possession

of controlled substance conviction and possession of 30 grams of cannabis.

## ANALYSIS

Petitioner has raised two grounds in his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254(# 1). First, Petitioner seems to claim that his Sixth Amendment right to confront witnesses against him was violated by the trial court's admission of the transcript of Deviner's testimony from the first trial. Second, Petitioner claims that the State allowed one of the witnesses against him to commit perjury. For the following reasons, Petitioner's Petition (# 1) is DENIED.

Petitioner's first argument is that his Sixth Amendment right to confront witnesses against him was violated by the trial court's admission of the transcript of Deviner's testimony from the first trial. Petitioner does not actually specifically say he is talking about Deviner's testimony, but it can be gleaned from the previous state court filings that this issue concerns Deviner, so the court will address it.

### Standard of Review

Petitioner's claim is a fact-intensive claim challenging a decision on a Constitutional issue made by a state court. In this case, the operative decision is decision on the direct appeal by the Fourth District Appellate Court in *People v. Reed,* No. 4–04–0505 (unpublished Rule 23 Order, Jan. 12, 2006). The habeas statute states:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is clearly contrary to established law if the state court applied a rule that contradicted the governing law as set forth in Supreme Court cases, or if, being confronted with a set of facts materially indistinguishable from those examined by Supreme Court precedent, the state court arrived at an opposite result. *Williams v. Bartow,* 481 F.3d 492, 498 (7th Cir.2007). A state court decision involves an *unreasonable* application of clearly established law if the state court identifies the proper rule and unreasonably applies it to the facts, or if the state court unreasonably extends, or refuses to extend, a rule of law. *Williams,* 481 F.3d at 498. To find whether Supreme Court precedent has been unreasonably applied, the question is not whether the state court's application was "clearly erroneous", but rather whether the decision was "objectively unreasonable." *Williams,* 481 F.3d at 498.

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### Applicable Law

"[I]t is well established that prior testimony may be used against an accused in a criminal trial where the accused had the

opportunity to cross-examine the witness at the earlier proceeding and the state has shown that the witness was unavailable for trial." *Sandoval v. Ulibarri*, 548 F.3d 902, 912 (10th Cir.2008); See *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ("Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.").

 In a case where the government wants to admit prior witness testimony where there was opportunity for cross-examination and the government claims that the witness is currently unavailable for live testimony, the government bears the burden of proving that said witness was unavailable. *United States v. Reed*, 227 F.3d 763, 767 (7th Cir.2000). The rule is not that the government must do everything it can to get a witness to testify, rather only that it make a reasonable, good faith effort to get the witness into court. *Reed*, 227 F.3d at 767. The question is one of reasonableness and, ultimately, whether the witness is unavailable despite good faith efforts undertaken prior to trial to locate and present that witness. *Reed*, 227 F.3d at 767.

### Analysis

 In the instant case, Petitioner's claim must fail as it cannot be said that the state court's determination of the unavailability of Deviner was objectively unreasonable. While it is true that the State was somewhat at fault for not securing Deviner's location and contacting him in the months before the trial, the State did appear to believe in good faith that they had proper contact information for Deviner provided by his attorney. Despite waiting until the week before trial to subpoena and contact Deviner, the steps taken by the State to locate Deviner, combined with their good faith belief that had been provided with his proper address, make the decision of the appellate court to uphold the trial court's ruling on unavailability a reasonable one. Once the State learned Deviner's address was not correct, they (1) confirmed that the address given by Deviner's attorney did not exist; (2) contacted the city police department to coordinate a search effort for Deviner amongst their on-duty patrol units; (3) contacted the apartment complex where the previously given non-existent address would have been located and found that Deviner's sister actually lived in the complex at a different address; (4) contacted Deviner's sister after several attempts, only to be told that she had no idea where Deviner was and did not know how to contact him; (5) investigated Deviner's prior residences through a search of his old cases on file at the circuit clerk's office; (6) visited the prior residences and learned that it was actually Deviner's mother who had lived there but that she had since relocated; (7) located Deviner's mother and spoke with her, again only to be told that she did not know where he was; (8) left his contact information with Deviner's mother in the event that she was able to locate her son; and (9) contacted the narcotics bureau to see if they had any updated contact information on Deviner.

The steps taken by the State were extensive and the effort made to produce Deviner for trial were made in good faith. The inquiry conducted by the trial court, and the review undertaken by the appellate court, was exhaustive and thorough. The state court decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(2). Petitioner's claim on this ground is denied.

■ Petitioner's second ground in his § 2254 petition is "the State allowed their witness to commit perjury." Petitioner does not provide any further elucidation on this statement. No further facts or memorandums of law have been submitted in support of this ground.

"In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to him' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 649, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

The Rule itself states:

"The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten;

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Federal Rules Governing Section 2254 Cases in the District Courts 2(c).

In an Eighth Circuit case, *Adams v. Armontrout*, 897 F.2d 332 (8th Cir.1990), a petitioner set forth six grounds for relief, but stated only "see legal files and transcripts" when the petition form requested supporting facts. *Adams*, 897 F.2d at 333. The district court denied the petition without prejudice and also denied the appellant's motion to amend.

The Eighth Circuit affirmed the district court's dismissal, noting that Rule 2(c) explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief.[1] The court stated that the petitioner's general reference to the transcripts, case records, and briefs on appeal failed to comply with Rule 2(c) and that the petitioner's repeated references to the entire record were of no assistance whatsoever to the district court, which must decide whether the claims asserted merit further federal review based on the face of the complaint. *Adams*, 897 F.2d at 333. The Eighth Circuit did not believe the § 2254 rules required federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist to support relief. The court held that in order to substantially comply with Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief on each ground specified and the facts must contain sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *Adams*, 897 F.2d at 334.

In the instant case, Petitioner provided even less support for his ground than did the petitioner in *Adams*. Petitioner included briefs from the state court case, but did not reference them or point this court

1. *Adams* was using an older version of Rule 2(c), which stated that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." *Adams*, 897 F.2d at 333. The current version of Rule 2(c), which was stated above, still requires the petitioner to state the relief requested and to state the facts supporting each ground.

to relevant sections in any way. Petitioner has made a generalized claim that the State allowed a witness to commit perjury, but did not specify which witness that was or what exact testimony was perjured. The Petitioner could be referring to either Deviner or Young. While Young may be the more likely candidate, based upon the post conviction petitions, Petitioner has not specified or even provided any supporting facts. Therefore, the court finds this ground insufficient under Rule 2(c). He has not stated the facts supporting his ground under Rule 2(c)(2).

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody (# 1) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody (# 1) is DENIED.

(2) This case is TERMINATED.