THE EQUITABLE TRUST COMPANY OF NEW YORK, Appellant, *v.* CHARLES A. KEENE, Respondent.

First Department, February 4, 1921.

**Statute of Frauds —" sale of cable transfer of exchange," defined — sale of cable transfer of exchange as sale of chose in action — Personal Property Law, section 85, applied.**

In banking and commercial usage and custom, a cable transfer of exchange is a term used to describe the transfer of credits between different points by cable, the person contracting to deliver such exchange contracting that he will make available by cable to the person contracting to take such exchange a credit to the amount specified at the point specified and at the time specified.

The sale of a cable transfer of exchange is the transfer of an existing credit immediately available to the seller from a third person and, therefore, a sale of a chose in action which must be in writing to be enforcible under section 85 of the Personal Property Law, if of the value of more than fifty dollars.

LAUGHLIN, J., dissents, with memorandum.

APPEAL by the plaintiff, The Equitable Trust Company of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1920, overruling the plaintiff's demurrer to the first defense contained in the answer.

*Charles P. Howland* of counsel [*Franklin P. Ferguson* with him on the brief; *Murray, Prentice & Howland*, attorneys], for the appellant.

*R. Hunter McQuistion* of counsel [*Henry S. Goodspeed*, attorney], for the respondent.

PAGE, J.:

The complaint alleges that on or about May 29, 1919, plaintiff and defendant entered into an agreement wherein and whereby plaintiff agreed to deliver to defendant, and defendant agreed to take from plaintiff, a cable transfer of exchange on London, Eng., in the amount of 20,000 English pounds sterling at any time during the months of June, July,

August or September, 1919, at defendant's option, for which said cable transfer of exchange defendant agreed to pay, in dollars, to plaintiff in New York, at the rate of $4.64 5/8 per pound concurrent with the exercise of said option; that in banking and commercial usage and custom, a cable transfer of exchange is a term used to describe the transfer of credits between different points by cable, the person contracting to deliver such exchange contracting that he will make available by cable to the person contracting to take such exchange a credit of the amount specified at the point specified and at the time specified; that in entering into the agreement above referred to, plaintiff and defendant contracted with reference to said custom and usage; performance on the part of plaintiff and failure of the defendant to exercise said option or to pay for said cable transfer of exchange in the amount of 20,000 English pounds sterling at the rate of $4.64 5/8 per pound, by reason whereof plaintiff has been damaged in the sum of $12,275, no part of which has been paid, and for which sum judgment is demanded with interest from October 1, 1919.

The first defense in the answer to which the plaintiff demurred is as follows:

" V. That the alleged agreement set forth in the complaint and with which it is sought to charge the defendant, is a contract to sell, or a sale of goods or choses in action of the value of Fifty Dollars ($50.00) or upwards and is not enforcible by reason of Section 85 of the Personal Property Law in respect to the Statute of Frauds; that no part of the goods or choses in action alleged to have been sold to the defendant were actually received by him; neither was anything given in earnest by him to bind the alleged agreement, nor any part payment; neither was any note or memorandum in writing of the contract or sale signed by the defendant or any agent in the defendant's behalf."

For the purposes of this case we must assume that by custom the term " a cable transfer of exchange " is defined as stated in the complaint, and determine whether as so defined it is within the purview of section 85 of the Personal Property Law (as added by Laws of 1911, chap. 571) and hence required to be in writing to be enforcible. Let us analyze this definition

and apply it to the facts alleged instead of in indefinite general terms. The plaintiff agreed that when, during the months of June, July, August or September, 1919, the defendant should pay to it the sum of $92,925, it would transfer by cable a credit in London, Eng., where it would be available to the defendant as a credit for 20,000 English pounds sterling. As was said by this court in *Strohmeyer & Arpe Co.* v. *Guaranty Trust Co.* (172 App. Div. 16, 20): "What the seller of a cable transfer does is to sell a sum of money, or a credit for a sum of money, payable at the place indicated in the contract. What the buyer does is to purchase a credit available at such place." Therefore, it is not agreed on the part of the seller that he will thereafter establish a credit for the buyer, but that there is a credit established that will be available to the buyer as soon as the cablegram is received. It is, therefore, a transfer of an existing credit of the seller in London which is transferred and made available to the buyer. A credit available to the buyer must be based upon a debt or obligation of some person or corporation in the place specified which is immediately payable to the creditor or to his order. A debt or obligation due and owing from one party to another is a chose in action. Therefore, the transaction was an agreement to sell and purchase during the time specified a chose in action of the value of more than fifty dollars, and not being in writing cannot be enforced. We are deciding this case upon the facts stated in the pleadings, and our decision is limited to them. Upon the trial of the action the evidence may establish different facts from which a different conclusion would follow.

The order overruling the demurrer to the first defense in the answer should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., and MERRELL, J., concur; SMITH, J., concurs in result; LAUGHLIN, J., dissents.

LAUGHLIN, J. (dissenting):

I am of opinion that the action is for the breach of an executory contract by which the plaintiff undertook to establish in London, Eng., a credit in English pounds sterling in favor of defendant on demand to be made during a specified period.

It may be that the damages must be measured by the actual loss sustained by plaintiff and not by the depreciation in value of the English money. The only point now presented is whether the Statute of Frauds (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571) required that the contract should have been made in writing. I think not. I am unable to agree with Mr. Justice PAGE that the contract was for the sale of a chose in action. I, therefore, dissent.

Order, so far as appealed from, affirmed, with ten dollars costs and disbursements.