Conway, Ch. J.
This case comes to us by leave of the Appellate Division, First Department, which affirmed, by a divided court, an order of the Supreme Court, New York County, striking defendant’s first affirmative defense for insufficiency. It will be helpful if we have the complaint and answer before us.
The plaintiff in his complaint alleges the following:
“ I. On or about March 10, 1953 the defendant requested the plaintiff to aid the defendant in his efforts to bring about the re-election of the then board of directors of the Hudson and Manhattan Railroad in a forthcoming election of directors, by the plaintiff purchasing or causing to be purchased 16,500 shares of the common stock of the railroad, which were to be voted for the re-election of said directors, and which defendant represented to plaintiff to be sufficient for his purposes in connection with his efforts to re-elect said board of directors.
“ II. At the time said request was made of the plaintiff, the defendant promised the plaintiff, among other inducements, that if plaintiff complied with said request, defendant would, in consideration of said compliance, pay to plaintiff one-half of the losses in excess of $20,000, that might be sustained in the disposal or sale of said common stock so purchased, the limit of said indemnity by defendant to be $5,000.
“ HI. In compliance with said request and in consideration of said promise, plaintiff purchased and caused to be purchased on March 10, 1953, and March 11, 1953, 16,500 shares of said common stock, and said stock was voted for the election of said directors.
“ IV. After said election took place, said shares of stock were sold at a loss of $31,112.19.
*305 “ V. Although plaintiff demanded of defendant the payment of said $5,000, the amount payable under said agreement, no part thereof has been paid.
“ Wherefore, plaintiff demands judgment against the defendant for the sum of $5,000, with interest thereon from March 20, 1953.”
The defendant in his answer denied each allegation of the complaint and, as a separate and affirmative defense, alleged that:
“ 3. The Hudson and Manhattan Railroad Company is and was at all times mentioned in the complaint a railroad corporation organized under the laws of the State of New York and New Jersey.
“ 4. The said Hudson and Manhattan Railroad Company is and was at all times mentioned in the complaint, a publicly owned corporation whose shares of stock are widely held by many different persons.
“ 5. The promise of the defendant as alleged in the complaint and the agreement as alleged in the complaint, and upon which plaintiff sues, and upon which plaintiff seeks recovery are unenforceable, are prohibited by and contravene the statutory law and public policy of the State of New York, and further are prohibited by and contravene the public policy of the State of New Jersey, in that they constitute the sale of a vote by plaintiff as a stockholder of Hudson and Manhattan Railroad Company and an agreement to vote the stock of said corporation in return for and in consideration for a gain personal to the plaintiff.
“ Wherefore, defendant demands judgment dismissing the complaint together with the costs and disbursements of this action. ’ ’
This affirmative defense is attacked under rule 109 of the Rules of Civil Practice on the ground that it is “ insufficient in law on the face thereof ”. More specifically, it is claimed that the defense contains mere conclusions of law unsupported by allegations of ultimate fact showing illegality. Previous to setting up the defense of illegality affirmatively, the defendant had moved to dismiss the complaint for insufficiency on the ground that the contract as alleged therein was illegal and unenforcible, in that it was an illegal sale of a stockholder’s vote in violation of section 47 of the Stock Corporation Law.
*306 "While declaring that there is no doubt that it is illegal for a stockholder of a corporation to sell his vote, Special Term denied the motion to dismiss the complaint upon the ground that it did not appear upon the face of the complaint that plaintiff was suing on an agreement for the sale of his vote as a stockholder. The Appellate Division affirmed that determination.
The defendant thereupon interposed the affirmative defense with which we are presently concerned.
The courts below have held that such defense pleads mere legal conclusions and not ultimate facts.
The sole issue presented, therefore, is the very narrow one of whether the defense alleges legal conclusions only, or contains statements of ultimate fact in support thereof. No question is raised as to the necessity of pleading illegality affirmatively in a case of this type.
The line of demarcation between ultimate fact and legal conclusion is often a very difficult one to discern. In order to preserve, however, an orderly system of practice and to protect litigants from imposition and surprise, that line must be drawn and attorneys must be held to a reasonable degree of form in pleading.
Resort to the cases is of little value in determining this question. We can be guided only by a sound judgment exercised within the framework of, and with an appreciation for, the underlying purpose for the rule prohibiting allegations of legal conclusions only. As we recently said in Dulberg v. Mock (1 N Y 2d 54, 56 [1956]): “ Section 241 of the Civil Practice Act, which requires that a pleading contain a plain and concise statement, without repetition, of the material facts, is to be read with section 275 of the Civil Practice Act which commands that ‘ Pleadings must be liberally construed with a view to substantial justice between the parties.’ ” (See, also, California Packing Corp. v. Kelly Stor. & Dist. Co., 228 N. Y. 49, 54 [1920], in which we said: “ Meticulous particularity in pleading the facts which must be shown by way of evidence to establish a cause of action is neither necessary nor proper. It bewilders the real issue and furnishes no safeguard against imposition or oppression.”) We feel that a fair and proper application of these thoughts and a practical consideration of the form of the answer, require us to regard the affirmative defense herein pleaded as containing statements of ultimate fact which underlie the conclusion of illegality.
*307 As we have said, the defendant moved to dismiss the complaint on the ground of illegality of contract but was unsuccessful. That question, of course, is not before us and we express no opinion upon it at this time. Being hound by that determination, and naturally desirous of availing himself of this defense nevertheless, he served an answer setting forth the illegality in the form of an affirmative defense. Because the Appellate Division had ruled that the contract as pleaded by plaintiff was not illegal on its face, the appellant was required to make additional allegations of fact which would make clear that the contract pleaded was illegal. This he has done. After incorporating by reference the terms of the contract as alleged in the complaint by plaintiff, the defendant added every other factual ingredient necessary, in his judgment, for demonstrating illegality by alleging that the Hudson and Manhattan Bailroad Company is a publicly owned corporation organized under the laws of New York and New Jersey and that such an agreement, as was pleaded in the complaint and incorporated referentially in the defense, is illegal and unenforcible “ * * * in that they [the promise and agreement] constitute the sale of a vote by plaintiff as a stockholder * * * and an agreement to vote the stock of said corporation in return for and in consideration for a gain personal to the plaintiff.” (Italics supplied.)
Thus, the allegations of the complaint, read with the allegations of the answer, state that the promise sued upon was for the payment of money in return for the purchase of the stock plus an agreement to vote the stock in a particular manner for gain. There is no doubt of the conclusory nature of that portion of the defense which alleges the agreement to he unenforcible and in contravention of the public policy and laws of New York and New Jersey. If that were all that the defense contained, then clearly it would be insufficient. But the defendant has gone further. He has alleged additional ultimate facts upon which he predicates his conclusion of illegality. He has stated that the plaintiff, in reality, agreed to sell his vote as stockholder for a consideration which inured to his sole and exclusive benefit. It is this conduct which the defendant concludes is illegal. That these are factual allegations and not conclusions of law seems to us to be clear. That a party has agreed to sell his vote as stockholder is not a mere legal con *308 elusion. It is the essence of the allegation which must control. What is said, rather than the mode of saying it, is determinative. We fail to perceive any substantial or controlling difference between alleging that a specific agreement “ constitute [s] the sale of a vote by plaintiff as a stockholder ’ ’, and ‘ ‘ the plaintiff sold his vote as a stockholder ”, and yet not even a meticulous pleader could reasonably question the factual nature of this latter form. The answer as it now stands clearly charges the plaintiff with agreeing to sell his vote as a shareholder for personal gain.
The cases relied upon by the plaintiff concededly stand for the proposition that ultimate facts, not mere conclusions, must be pleaded. Defendant does not dispute that. However, the cited cases are readily distinguishable on their facts since, in each, the allegations set forth in the affirmative defenses were clearly of a conclusory nature only. (See McGowan v. McGowan, 4 Misc 2d 165, affd. 277 App. Div. 897 [2d dept., 1950] [bare allegations of illegality without supporting facts]; Kaufman v. Investors Syndicate, 149 Misc. 686 [defense alleged only that agreement was legal and enforcible under Minnesota laAv]; Equitable Trust Co. v. Keene, 111 Misc. 544 [Sup. Ct., 1920], affd. 195 App. Div. 384 [1st dept., 1921], revd. on other grounds 232 N. Y. 290 [1922] [bare allegation that agreement was “ a gambling contract and is illegal and unenforcible ”].)
The rule which requires ultimate facts to be pleaded, and not mere legal conclusions, is predicated upon the sound principle that the adversary should not be taken by surprise at trial, but should be able to meet the proof adduced by the pleader. (Crane v. Powell, 139 N. Y. 379, 388 [1893]; Milbank v. Jones, 127 N. Y. 370, 376 [1891].) It is plaintiff’s contention that the affirmative defense herein pleaded does not satisfy the requirements of that rule. This contention will not withstand analysis. The plaintiff has set forth in some detail in his complaint the nature of the promises and consideration. The plaintiff urges that he never alleged in his complaint that any of the consideration moving from the defendant was to have been in return for a promise by plaintiff to vote his stock for the re-election of the present board of directors. He concedes the illegality of such an agreement. The Appellate Division has decided that the agreement as pleaded in the complaint was not clearly illegal. Accordingly, the defendant has answered and alleged *309 it so to be. It is manifest from tbe answer that at the trial the defendant will attempt to prove that in consideration of defendant’s promise of indemnity and “ other inducements ” plaintiff promised to vote his stock for re-election of the board. This is the issue presented, and is a clear presentation of issuable facts.
The orders of the Appellate Division and Special Term should be reversed, with costs in this court and in the Appellate Division, and the motion to strike the first affirmative defense denied. The question certified to this court by the Appellate Division should be answered in the affirmative.
Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Order of Appellate Division and that of Special Term reversed, with costs in this court and in the Appellate Division, and the matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein. Question certified answered in the affirmative.