■ S.A.F. La Sala Corp. et al., Respondents, v CNA Insurance Companies et al., Appellants. [737 NYS2d 353] —Judgment, Supreme Court, New York County (Louis York, J.), entered June 22, 2000, which awarded plaintiffs $58,491 plus interest and costs, and bringing up for review an order, same court and Justice, entered April 26, 2000, which granted plaintiffs' motion for summary judgment pursuant to CPLR 3212 on their causes of action for breach of contract and unjust enrichment and denied defendants' cross motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied, and the cross motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Because the premium for a comprehensive general liability policy plaintiffs S.A.F. La Sala Corp. and La Sala Mason Corp. (collectively La Sala) obtained from defendant Transcontinental Insurance Co. (Transcontinental), an affiliate of defendant CNA Insurance Companies, was contingent on the number of workers employed during the coverage period, the policy required plaintiff to pay an estimated advance premium of $221,102. The policy provided that if the estimated premium was greater than the actual or earned premium, Transcontinental would return the difference (or unearned premium) to La Sala. However, an endorsement specifically changed this in the following language:

"The premium stated in the declarations is an estimated premium only. Upon termination of the policy, the earned premium shall be computed by applying the rate shown in the schedule below times the audited basis of premium. If the earned premium computed exceeds the estimated advance premium paid, the named insured shall pay the excess to the company, if less, the company shall return to the named insured the unearned portion paid but not less than the Minimum Premium shown in the schedule below. The named insured shall maintain records of the information necessary for premium computation of the basis stated below, and shall send copies of such records to the company at the end of the policy term.

"SCHEDULE

"Coverages: Comprehensive Liability

"Basis of Premium: $2,000,000

"Rates: 110.551

"Estimated Advanced Premium: $221,102

"Minimum Premium: $165,827"

The endorsement bore a heading in capital letters, double spaced, across the top of the page, as follows:

"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

"COMPOSITE RATE CHANGE ENDORSEMENT

"This endorsement modifies insurance provided under the following: Commercial General Liability Coverage Part."

An audit at the end of the coverage period revealed that the earned premium was $107,336. Transcontinental refunded La Sala $55,275, the difference between the estimated premium ($221,102) and the minimum premium ($165,827). La Sala commenced this action arguing that they should be refunded an additional $58,491 for a total of $113,766, which represents the difference between the estimated premium ($221,102) and the earned premium ($107,336). The motion court granted La Sala's motion for summary judgment. We reverse and grant Transcontinental's cross motion for summary judgment dismissing the complaint.

Contrary to La Sala's contention, the endorsement clearly, although awkwardly, provides that Transcontinental would retain the minimum premium even if the actual premium was less. La Sala's argument that the endorsement "explicitly defines not a minimum premium, but a minimum refund of $165,827.00" constitutes an unreasonable and illogical interpretation of the language of the endorsement. Notably, La Sala argues that they are entitled to a total refund of $113,766, not $165,827. $113,766 represents the difference between the estimated and earned premiums.

We reject La Sala's argument that the minimum premium clause violates New York Insurance Law in that it allegedly allows for the retention of premiums even if there is no risk of loss, and thus no earned premium. None of the cases they cite supports this argument. Those cases did not deal with minimum premiums. Rather, they dealt with cases in which no risk ever attached. In such cases, obviously, no premium can be charged. The instant case is quite different. There clearly was an insurable and insured risk. It depended upon the size of La Sala's payroll, and the premium basis was set forth as "[p]er $1,000. of general liability payroll."

There is no ambiguity and the endorsement does not violate

public policy. Concur—Mazzarelli, J.P., Rosenberger, Wallach and Marlow, JJ.