In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Asarch, J.), entered July 3, 2012, which denied its motion for summary judgment on the complaint.
Ordered that the order is affirmed, without costs or disbursements.
The plaintiff issued a general liability insurance policy to the defendant covering the period from July 26, 2008, to July 26, 2009. The defendant paid an “advance premium” in the sum of $5,066, which was based on an estimated payroll of $5,000 and estimated gross sales of $115,000. After the expiration of the policy period, the plaintiff conducted an audit pursuant to the terms of the policy, with the participation of the defendant’s accountant. Based on figures provided by the auditor, the plaintiff sought an “earned premium” in the sum of $35,082.48. This figure was based, in part, on the auditor’s findings that the defendant’s actual payroll for the policy period was $81,498, and that the defendant’s actual gross sales for the policy period were $680,381. The defendant, through its accountant, objected to the calculation of the earned premium, arguing, inter alia, that it provided payroll services to other contractors, and the auditor had improperly included checks it had made out to employees of other contractors, as part of its payroll service, when calculating its actual payroll for the policy period.
The plaintiff commenced this action, sounding in breach of contract, to recover the earned premium in the sum of $35,082.48, and moved for summary judgment on the complaint. The Supreme Court denied the motion.
The plaintiff failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. The insurance policy does not include a provision explaining how the earned premium is to be calculated, and the plaintiff s submissions in support of its motion failed to address the critical issue of whether the parties intended that only the defendant’s own employees would be considered in determining the payroll for *643 the purpose of calculating the earned premium, or whether the payroll would also include checks made out by the defendant to employees of other contractors as part of its payroll service (see Seneca Ins. Co., Inc. v Certified Moving & Stor. Co, LLC, 82 AD3d 677, 677-678 [2011]; cf. S.A.F. La Sala Corp. v CNA Ins. Cos., 291 AD2d 228, 229 [2002]). Since the plaintiff failed to meet its prima facie burden, the Supreme Court properly denied its motion, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The plaintiff’s remaining contentions are without merit. Rivera, J.E, Chambers, Hall and Miller, JJ., concur.