■ SENECA INSURANCE COMPANY, INC., Respondent, v CERTIFIED MOVING & STORAGE CO., LLC, et al., Appellants and Third-Party Plaintiffs-Respondents. FRENKEL & CO., Third-Party Defendant-Appellant. [29 NYS3d 327]—

Order, Supreme Court, New York County (Joan A. Madden, J.) entered April 27, 2015, which, to the extent appealed from, denied defendants/third-party plaintiffs' motion for summary judgment dismissing plaintiff's complaint and partially denied third-party defendant Frenkel & Co.'s cross motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

From 2002 through 2005, in three successive policies, plaintiff Seneca Insurance Company provided commercial general liability insurance for defendants/third-party plaintiffs Certified Moving and Storage Co. and Certified Installation Services, LLC (collectively, Certified). The premiums were based upon Certified's payrolls for the trucking and warehouse operations of the business. The initial premiums, however, were deposit premiums. Seneca maintained the right, under the policies, to conduct payroll audits after the conclusion of the policy periods to determine the final premium. During one of these audits, Seneca determined that the installation business and payroll was a far more substantial portion of Certified's business then the insurer had previously realized. Accordingly, Seneca sought to reclassify the policy and premium amounts to reflect the risks it actually believed it took under the policy.

Seneca filed this action, seeking payment of the premiums and alleging that Certified misrepresented the nature of its business when applying for insurance coverage. Certified filed a third-party claim for indemnification against third-party defendant Frenkel & Co., its broker, claiming that it relied on Frenkel's representations in completing the application for insurance, specifically, that the installation payroll was not needed.

Certified moved for summary judgment dismissing the complaint, arguing that Insurance Law § 3426 (d) (1) precludes Seneca from attempting to recover additional premiums under the policy. This argument is unavailing. As the motion court properly concluded, Insurance Law § 3426 (d) (1) clearly permits the collection of additional premiums in instances, such as the one herein, where the policy terms call for it through the conduct of an audit (*see e.g. S.A.F. La Sala Corp. v CNA Ins. Cos.*, 291 AD2d 228, 228-229 [1st Dept 2002]). Moreover, as the motion court also correctly determined, even if section 3426 (d) (1) did not apply, there would be, at the very least, a question of fact concerning whether the additional premium increase exceptions of section 3426 (c) (1) (D) and (E) apply based on Certified's alleged omissions in filling out the policy applications.

On the issue of the alleged misrepresentations in the policy application, Frenkel's motion for summary judgment dismissing Certified's third-party indemnification claims was also properly denied. There are issues of fact concerning the representations made in filling out Certified's insurance application, an application that was completed by Frenkel. It is well settled that an insurance broker may be held liable to its principal for common law indemnification where it breached its duty to that principal by negligently or intentionally misrepresenting facts in connection with obtaining insurance coverage (*Utica First Ins. Co. v Floyd Holding*, 5 AD3d 762 [2d Dept 2004]).

We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Manzanet-Daniels, Kapnick and Gesmer, JJ.